8ws459
141　415

# Levering *against* The Philadelphia, Germantown and Norristown Railroad Company.

Under the 15th section of the Act of 17th February 1831, incorporating the Philadelphia, Germantown and Norristown Railroad Company, if there be a report made by viewers ascertaining the damages to the owner by the occupation of land for the railroad, and appeal therefrom and verdict and judgment thereon, the company is bound to pay the amount fixed by the verdict and judgment, before they can become seised in fee of the land.

After report of viewers and during the pendency of the appeal, the company have a qualified right to enter upon and use the land in the meanwhile and until the final result; but unless they pay the amount found by the verdict and judgment, the owner may recover the land in ejectment.

"Or" in the first proviso of that Act should be read "on."

THIS was an action of ejectment, in which Jacob Levering was plaintiff and The Philadelphia, Germantown and Norristown Railroad Company defendants, for all that certain piece or parcel of land, situate, lying and being in the village of Manayunk, in Roxborough township, in the county of Philadelphia, begin-

[Levering v. The Philadelphia, Germantown and Norristown Railroad Co.]

ning at a corner of land of Jacob Levering, and now or late of the Philadelphia, Germantown and Norristown Railroad Company, thence south 54° 30″ west 82 feet 3 inches, &c., containing 63⅛ perches, more or less. The following case was stated as upon a special verdict at *Nisi Prius* in February 1844, before Mr Justice KENNEDY, who thereupon gave judgment for the defendants.

The premises described in the summons in ejectment are admitted to have been the property of the plaintiff before and on the 4th day of October 1834. On that day a petition was filed in the Court of Common Pleas of the county of Philadelphia by the Philadelphia, Germantown and Norristown Railroad Company, defendants in the above suit, praying the court to appoint six persons as viewers according to the provisions of the Acts of Assembly incorporating the said the Philadelphia, Germantown and Norristown Railroad Company, passed 17th February 1831, and 8th February 1834, to examine and survey certain lands of Jacob Levering in the borough of Manayunk, over which the Norristown Railroad about to be constructed by the said Philadelphia, Germantown and Norristown Railroad Company was intended to pass, and report the damages according to law. Due notice having been given by the said Company to Jacob Levering to appoint viewers amicably in accordance with said petition, and the parties having been unable to agree on said appointment, six viewers were appointed by said court according to the Act of Assembly, who duly made their report into the office of the Prothonotary of said court on the 12th day of November 1834.

This report awarded to Jacob Levering the sum of $1222.16 as damages for the land viewed, embracing in said view two pieces of property, viz., one a property in Manayunk on the rear end of the hotel lot, and the other the premises described in the summons in ejectment in this suit. The plaintiff entered an appeal from said report and award to the Court of Common Pleas aforesaid to December Term 1834, according to the provisions of the Act of Assembly in such case made and provided. The Philadelphia, Germantown and Norristown Railroad Company having made tender of payment of the sum specified in the report of the viewers to the plaintiff, who refused to accept the same, before appealing from said report or award, proceeded to take and use the land of the plaintiff described in the survey of said road, which are the same premises claimed in said ejectment, and they or their trustees still occupy and hold the same. A trial was had on said appeal and a verdict rendered for the plaintiff on the 27th April 1839, for the sum of $5161.65, and judgment duly entered on said verdict. The said Railroad Company had made and completed their road from Philadelphia to Norristown, and the said road had been used prior to the said verdict. A *fieri facias* was issued on said judgment, to which the sheriff (having received notice that the real and personal property of the defendants had been mortgaged some

[Levering v. The Philadelphia, Germantown and Norristown Railroad Co.]

time previous to the rendition of said judgment to certain trustees to secure loans made by the Philadelphia, Germantown and Norristown Railroad Company under authority of law, and that the said trustees had taken possession of all the personal estate under the mortgage, and the management of said road, so as to receive the toll for the payment of the interest according to the terms of the mortgage), returned *nulla bona*. An *alias fieri facias* was issued to September Term 1840, to which the sheriff also returned *nulla bona* (prout the whole record of the Common Pleas and the mortgages to said trustees and the exhibits attached under this statement of facts). The question submitted to the court is, is the plaintiff entitled to recover the premises claimed in this ejectment?

If he is, then judgment to be entered for him; if not, then for defendants. The said case stated and judgment rendered thereon, to be subject to a writ of error or removal for revision by certificate to the Supreme Court in bank, agreeably to the provisions of the Act of Assembly of 26th July 1842, and the practice of the Court of Nisi Prius.

The entry of judgment for the defendants was now assigned for error.

*V. L. Bradford* and *Dallas*, for the plaintiff in error, referred to 4 *Hill* 140; *Federalist No.* 84; *Turnpike Company* v. *Wallace*, (8 *Watts* 316); 1 *Blac. Com.* 139; *Leader* v. *Moxon*, (3 *Wils.* 461); *Vanhorne's Lessee* v. *Dorrance*, (2 *Dall.* 312); 2 *Amer. Jurist*, (*Oct.* 1829) 203; *Harvey* v. *Thomas*, (10 *Watts* 63); *Norman* v. *Heist*, (5 *Watts & Serg.* 174); *Borough of Harrisburg* v. *Crangle*, (3 *Ibid.* 462); *Gardner* v. *Hasbrouck*, (2 *Johns. Ch.* 162); *Belknap* v. *Belknap*, (*Ibid.* 463); *Agar* v. *The Regent's Canal Company*, (*Coop. Eq. R.* 77); *Shand* v. *Henderson*, (2 *Dowl.* 519); *Hughes* v. *Merton College*, (1 *Vez.* 188); *Lessee of Pickering* v. *Rutty*, (1 *Serg. & Rawle* 511); *Enslin* v. *Bowman*, (6 *Binn.* 462); *Case of The Plan of the Third Division of Kensington*, (2 *Rawle* 448); *Springfield* v. *Miller*, (12 *Mass.* 416); *Const. Article IX. sec.* 6; *Wilkinson* v. *Leland*, (2 *Pet. S. C.* 657); 2 *Kent* 13, 340; *Varick* v. *Smith*, (5 *Paige* 137); *In re Albany Street*, (11 *Wend.* 149); *Bloodgood* v. *Railroad*, (18 *Ibid.* 59); *In re John & Cherry Streets*, (19 *Ibid.* 659); *Act* 17*th February* 1831, *sec.* 15, (*Pamph. L.* 61); *Commonwealth* v. *M'Closkey*, (2 *Rawle* 374).

*Miles* and *Williams*, contra, cited 4 *Yeates* 133; *Schuler* v. *Railroad Company*, (3 *Whart.* 555); *Stokely* v. *Bridge Company*, (5 *Watts* 546); *Allison* v. *Delaware Coal Company*, (5 *Whart.* 482); *Ammant* v. *Turnpike Road Company*, (13 *Serg. & Rawle* 210); *Schuylkill Navigation Company* v. *Thoburn*, (7 *Ibid.* 411); *Schuylkill Navigation Company* v. *Kittera*, (2 *Rawle* 438); *Rogers* v. *Bradshaw*, (20 *Johns.* 735); *Jerome* v. *Ross*, (7 *Johns. Ch.* 343); 4 *Wend.* 650; 13 *G. III. c.* 38, *s.* 17; 3 *G. IV. c.* 126, *s.* 7; 8 *G.*

2 o*

[Levering v. The. Philadelphia, Germantown and Norristown Railroad Co.]

*IV. c.* 24, *s.* 15; *Woolrych on Ways,* 14, 58, 117, 110, 122; *Cro. Car.* 266; 1 *And.* 234; *The King* v. *Severn Railroad Company,* (2 *B. & Ald.* 646); *The King* v. *Tippett,* (3 *Ibid.* 193); *M'Clenachan* v. *Curwin,* (6 *Binn.* 514; 3 *Yeates* 373); *Beekman* v. *Saratoga Railroad Company,* (3 *Paige* 45); 3 *Fairf.* 222; 4 *Ohio* 206; 3 *Yerger* 41, 52; 2 *Porter's Louis. R.* 296; 2 *N. Hamp.* 25; 1 *Nott & M'Cord* 387; 2 *Devereux & Butler* 451; *Amer. Law Mag.* (*Jan.* 1845) 264; 1 *Wend.* 53; *In the matter of the District of the City of Pittsburgh,* (2 *Watts & Serg.* 322); *Williams* v. *Sheldon,* (10 *Wend.* 657); *Harvey* v. *Thomas,* (10 *Watts* 66); *Emerick* v. *Harris,* (1 *Binn.* 416, 424); *Petition of Mayor, &c. of N. York,* (20 *Johns.* 269).

The opinion of the Court was delivered by

SERGEANT, J.—This case does not require the determination of those grave questions, which have been treated of in the argument, concerning the power of the Legislature under the Constitution to take away private property for public use. The Legislature of Pennsylvania in passing laws incorporating companies for constructing canals and railroads, has invariably conformed to the injunction of the constitution, by providing means for ascertaining the compensation to be made to owners and compelling its payment; and the Act of Assembly now under consideration does not differ in that respect from others of a similar nature. The only question is the true construction of the Act of Assembly.

This Act was passed on the 17th February 1831. The 15th section enacts that in case of disagreement of the owners and company on the compensation, and if they cannot agree on the viewers, the Court of Common Pleas may appoint six men to estimate the damage, whose report being confirmed, judgment shall be entered thereon. "Provided that either party may appeal to the court within 30 days after such report may have been filed in the Prothonotary's office of the proper county, in the same manner as appeals are allowed by the provisions of the arbitration Act of the year 1810; and upon the coming in of such report and the confirmation thereof, or upon final judgment *or* appeal therefrom, and the said company paying to such owner the sum in such report or judgment specified, in full compensation for said lands or for the injury sustained as aforesaid, the said company shall become seised of the same estate in the said lands which the owner held in the same, and they and all who act under them, shall be acquitted and freed from all responsibility for and on account of such injury: Provided, upon payment or tender of payment by the said company, of the sum specified in the report of said viewers or appraisers to the owner of said land, the said president and managers of said company, their agents or contractors for making or repairing the said road, may immediately take and use the same without awaiting the issue of proceedings as hereinbefore prescribed."

[Levering v. The Philadelphia, Germantown and Norristown Railroad Co.]

This section is certainly confused and obscure, and indeed may be said to be unintelligible; but interpreting it according to its obvious meaning and intent and by a comparison with former Acts, it becomes perspicuous and consistent. The object of the enactment is to provide a satisfactory mode of assessing the damages when the parties cannot agree; in the first place by six viewers appointed by the court with a right of appeal to either party, and on payment by the company of such sum as becomes ascertained and fixed, they are to be seised of the estate in the land. This sum may be fixed by a report of the viewers not appealed from; in which case the company can at once make the payment or tender, and the right vests. But when an appeal takes place the sum is not fixed till final judgment, and the company cannot pay it till then. The appointment of viewers and a report by them is a matter ordinarily soon disposed of, and the company may well wait till that is done, before they commence their work. But where there is an appeal to a court and jury, it is well known considerable delay occurs in carrying on and terminating the trial, and it might be exceedingly injurious to the undertaking if the company should be compelled to wait its result before they could use the route. There is therefore given to them as a temporary favour, prior to final judgment and without waiting its result, a qualified right to enter upon and use the road in the meanwhile and until they can know by the result of the final judgment what sum they are to pay. When, however, final judgment is rendered, they are to pay the sum fixed by it. Their temporary right of user then ceases, and they are to become seised of the soil on payment of the amount of the judgment. This payment is a condition precedent which they are bound to perform or else they lose all right in the land of every description. Their temporary right of user as a way ceases on the rendition of final judgment, and their right to the soil is to take place only on payment of the amount of the judgment. They cannot hold the land in fee and yet refuse to pay the judgment any more than they can where there is a report of viewers unappealed from. The first proviso indicates the terms on which the company shall become seised of the soil; the second is to give them the temporary use in case of an appeal, until the amount shall be fixed by final judgment.

The whole confusion in the 15th section arises from the use of the word *or* in the first proviso, "upon final judgment *or* appeal therefrom," which it seems evident has been used instead of *on.* If this substitution is made, the whole is intelligible and plain: and that it ought to be may be inferred from various considerations. In the first place, the absurdity of saying "on final judgment *or* appeal therefrom," there being no such thing as appeal allowed from final judgment, but only from the report of viewers. In the next place, in all the former railroad Acts, this proviso is verbatim the same except that the word *on* is used and not *or,*

[Levering v. The Philadelphia, Germantown and Norristown Railroad Co.]

which induces the belief that *or* has crept in by inadvertence. See the Act of 8th April 1826 incorporating The Danville and Pottsville Railroad Company; Act of 11th April 1827 incorporating The Oxford Railroad Company; Act of 16th March 1830 incorporating The Philipsburg and Juniata Railroad Company; Act of 6th April 1830 incorporating the Middleport and Penn Creek Railroad Company; Act of 7th April 1830 incorporating the Beaver Meadow Railroad Company.

The subject will receive further illustration by noticing the former proviso in the Acts prior to the one now under consideration, and which was, so far as I have been able to ascertain, the first Act of Assembly in which the proviso was altered to its present shape. The proviso in former Acts was this: " *Provided* that the payment of damages aforesaid for land through which the said road may be laid shall be made before the said company or any person under their direction or in their employ shall be authorized to enter upon and break ground in the premises, except for the purpose of laying out and surveying such road, unless the consent of the owner of such land be first obtained." Thus prior to the Act of 17th February 1831, incorporating The Philadelphia, Germantown and Norristown Railroad Company, no railroad company could even enter and break the ground until they paid the damages to the owner; but by the modification of the proviso they obtained the privilege, when a delay was occasioned by an appeal, to enter and temporarily use the land: but it never was intended to give them a right to the seisin of the soil without paying for the land at all. If the company are not able or not willing to pay for the land on the rendition of final judgment, they must give it up.

> Judgment reversed and judgment for plaintiff with stay of execution for six months as per special decree, February 27th, 1845.