The decree of the Court below was affirmed by the Supreme; Court on March 28, 1881 in the following opinion per
Green, J.;
Every question presented by this record has been already decided by this Court adversely to the appellants. When they were here in Spangler’s Appeal, 14 P. S. 387, we held that a bill in equity would not lie because the Act incorporating the defendant gave a remedy by a proceeding for the assessment of damages, and! that remedy must be pursued. Since then they have resorted to-that mode of redress, and had their damages assessed, and now they allege the insolvency of the defendant and their consequent *423 inability to collect the money due them, and again seek relief by injunction. But we are powerless to help them. In Heilman vs. Union Canal Co., 1 Wr. 100, it was determined that the insolvency of the company was not sufficient to confer jurisdiction in equity. We there said : “The fact, if it be so, that this remedy may not be successful in realizing the fruits of a recovery in law on account of the insolvency of the defendants is not of itself a ground of equitable interference. The remedy is what is to be looked at'. If it exist, and is ordinarily adequate, its possible want ot success is not a consideration.” * * * * “Hence the alleged insolvency of the company, and the supposed inability to collect damages that may be recovered from it, is no reason - for Interfering by injunction.” In Spangler’s Appeal, we held, “If these mill owners have a remedy under the statute they must pursue it; if they have none then they are not entitled to anything.” * * * “It is enough, however, to say that this company is authorized to take the water of Tulpehocken creek for its canal, and it is not an act contrary to law, or equity either, that they do, and without this they cannot be enjoined, nor can its servants and agents, engaged in aiding it to do, what the law allows the company to do. Besides, there is either an adequate remedy in the Act for compensating the injury, or there is no allowable remedy of any kind.’’
The case of Levering vs. The Philadelphia, Germantown and Norristown R. R. Co., 8 W. & S. 459, cited by the appellants, is not applicable. That was a case in which land was taken, and the Act of incorporation only conferred the right to occupy and use the ground taken, on payment, or tender of payment of the amount awarded by the viewers. This was held to be a condition precedent, and if not performed the right of occupancy was gone. But in the Act incorporating the defendant in this case there is no such provision, and hence the case referred to is not in . point. The Court below was clearly right .in dismissing the appellants’ bill.
Decree affirmed.