### THE STATE OF IOWA v. MOONEY.

1. GRAND JURY.  A grand jury may, in certain cases, be reorganized by the court after it has been duly empanneled for the term.
2. CONTINUANCE,  When an application for a continuance is based upon allegations of the absence of witnesses and of the facts to which they are expected to testify, and the party resisting the application admits that the testimony of the witnesses would be as represented in the application, the continuance should be refused.
3. RECORD.  This court will not pass upon the admission in evidence of

declarations, as a part of the *res gestæ*, when the record does not disclose all of the evidence which was adduced, tending to show the propriety of such admission.

4. CHANGE OF VENUE. Applications for change of venue, are addressed to the legal discretion of the court; and the ruling thereon will be reversed by this court, when it is shown that the discretion has been abused.

5. SAME. When the defendant in a criminal proceeding made an application for a change of venue, on the ground of prejudice of the people; which application was supported by the affidavits of the defendant and three citizens of the county, in compliance with the requirements of chapter 227, laws of 1857; but was not opposed by counter affidavits; it was held that the application should have been granted and the change ordered.

6. SAME: EVIDENCE. In determining upon an application for a change of venue, the evidence made of record in support of and in opposition to the same should be considered without regard to the personal convictions of the court, as to the facts upon which it is based.

### Appeal from Dubuque District Court.

### THURSDAY, JUNE 28.

AT the November term of the District Court for Dubuque county, for the year 1859, Edward Mooney was indicted for the murder of one Charles Wood. At the same term he was tried, convicted and sentenced to be executed. The defendant appeals. The questions presented by the appellant necessary to be passed upon by this court appear in the opinion.

*Wm. Mills* for the appellant.

*S. A. Rice*, Attorney General, for the State.

BALDWIN, J.—I. It is submitted by the appellant that the court erred in refusing to sustain the challenge of defendant to the panel of the grand jury. Upon the 7th day of November, 1859, the grand jury for the county of Dubuque was regularly empanneled for the term of the District Court commencing on that day. Upon the 9th day of the same month, the murder of Woods, with which defendant is charged, was

committed. An indictment was found by the grand jury thus empanneled against defendant, which was upon motion set aside, for the reason that defendant did not have the privilege of interposing a challenge either to the array or the individual jurors of said grand jury. Upon the 19th day of November, at the same term of said court, the same grand jury was brought into court in order to give the defendant, then under arrest, an opportunity to interpose any challenge he was by law allowed to make either to the array or to any individual juror thereof. Six of said jurors, including the foreman, were challenged and excused from acting as jurors, for the reason that they had formed an unqualified opinion as to the guilt of the defendant. Six talesmen were summoned by the sheriff, as directed by the court, and the panel again completed, and a foreman appointed from the talesmen thus selected.

The defendant having no further challenges to make to the individual jurors, then objected to the action of the court in filling the panel of the grand jury, for the reason that on the first day of the term of said court the grand jury was regularly empanneled, charged and sworn as the grand jury of the state of Iowa to inquire of offences committed within said county of Dubuque, and that any change made in the organization of said grand jury after it had been regularly empanneled, charged and sworn on the first day of the term, was contrary to law; and that the grand jury thus reorganized and constituted was not a legal grand jury for that term, and authorized to inquire into any offences committed within said county. This objection to the panel was overruled by the court. Section 2882 of the Code provides that "a defendant held to answer for a public offence may challenge the panel of the grand jury or any individual juror." Section 2883 provides "that a challenge to the panel can be interposed only for the reason that they were not appointed, drawn or summoned as prescribed by law." The defendant was not held to answer for a public offence when the grand jury for the term was organized, so that if he was allowed

the right to challenge at any time, such right must be given him after such organization. An opportunity was given by the court to the appellant to challenge the jurors before his case was acted upon, and in the exercise of this right, certain jurors were excused, thereby reducing the jury to a number not authorized by law to find an indictment. When the grand jury were thus reduced, the court as we think had the authority to complete the panel as provided by section 2881 of the Code. Unless such implied authority is conferred by this section of the Code and the general power given by law to the District Court, the further action of the grand jury would be at an end and the rights not only of the State but the defendant prejudiced thereby. The challenge in this case interposed by the defendant, was to the pannel, not for any of the causes named in section 2883 of the Code, to wit: that the jurors were not appointed, drawn or summoned as prescribed by law, but for the reason that they were not empanneled at the proper time. This character of objection to the panel is not allowed by the law. While the statute does not expressly confer upon the court the power to reorganize the grand jury after it has been duly empanneled for the term, yet in certain cases the necessity for the exercise of such a power does exist, and as the manner of selecting jurors to fill the panel is prescribed by law, and the sheriff can act in making such selections of talesmen entirely free from any undue influence of the court, we cannot conceive how such power could be abused or oppressively exercised. The appellant relies upon the case of *Keither et al.* v. *The State of Iowa*, 4 G. Greene, 291, as sustaining his challenge to said panel. In that case it was held that a challenge to a juror could not be interposed by the State after they had been duly empanneled, nor at any other time, and that the court below erred in sustaining such challenge and in reconstructing the grand jury. The only question presented for the decision of this court in that case was, as to the rights of the state to challenge either the array or individual jurors at any time, upon which the court ruled correctly.

In this cause the grand jury were reduced to an improper number at the request or upon the challenge of defendant. Others were substituted, and to each of the jurors thus selected defendant had no objections. They were all good and lawful men, each possessing the qualifications of jurors and were free from any improper prejudice against defendant. The court did not err in overruling defendant's challenge to the panel.

II. The court did not err in refusing the application of defendant for a continuance. It was admitted by the State that if the witnesses whose names were mentioned in the motion for a continuance were present that the defendant could prove by them his previous good character. This being admitted, the rights of defendant were not prejudiced by their absence.

III. The State introduced one James McDonald, for the purpose of proving the declaration of the deceased, made at the house of witness, two squares and a half from where the fatal blows were given, and from five to ten minutes thereafter, as part of the *res gestæ*, to the introduction of which the defendant objected, but such evidence was admitted by the court. From the bill of exceptions it appears " T] ɔre was other testimony adduced, tending to show the propriety of the admission of said declarations, not stated in this bill." In order that this court should properly determine whether such evidence was admissible or not, the whole of the testimony upon which the introduction of such declarations was based should be before this court.

IV. An application was made by the defendant for a change of venue from the 9th Judicial District, based upon the supposed prejudice of the presiding judge against the defendant. If the facts stated by the defendant in his application for such change were true, the defendant certainly had just grounds for believing that he could not receive a fair and impartial trial. If the declarations had been made by the court, in presence of the jurors and bystanders in the court room, as stated in the appellant's application, we

think the affidavit of the defendant could readily have been supported by other testimony. We think the court certainly would not have refused the change prayed for, had it satisfactorily appeared that such expressions had been made, or that it had reason to believe that it could not divest itself of all feeling or prejudice, and act impartially in its rulings upon the rights of defendant.

V. An application was made by the defendant for a change of venue from the county of Dubuque, based upon the excitement and prejudice of the people against defendant. This application was properly made and sworn to by the defendant and was supported by the affidavit of three citizens of said county, each of whom swore positively that the excitement and prejudice of the people in Dubuque county, was so great against defendant that he could not receive a fair and impartial trial, and each swearing that they are disinterested in the determination of this cause. The provisions of section one, chapter 227, of the Acts of 1857, were substantially complied with, and it does not appear that there were any counter affidavits filed or any contradictory testimony introduced. Two of the persons making such affidavits appear to have been acting under appointment by the court as counsel for the defendant. We cannot conceive that because they were acting as counsel for defendant, that they could have such a direct or legal interest as would in in any manner impair the correctness of their statements, especially when made under the sanctity of an oath. As attorneys, we are bound to suppose they had well examined the correctness of the statements made by them, and felt impelled by a sense of right and justice to their client to make such affidavits, and we give additional strength to these affidavits, because they were made by attorneys, entitled to the confidence of the court, or they certainly never would have been appointed to protect the legal rights of a person whose life depended upon their ability and integrity, as attorneys.

It is true that an application for a change of venue is addressed to the sound discretion of the court, but when made

and supported, as is required by the law, it becomes a legal discretion, and if this is improperly exercised, it may be reviewed by this court.   In determining upon an application of this character, a court should not give any consideration to its own personal convictions upon the correctness or incorrectness of the facts alleged in the affidavits, but its conclusions should be based alone upon the evidence produced. In the case of *The State* v. *Nash* and *Redout*, 7 Iowa 347, an application was made for a change of venue, as in this case, supported by the affidavits of the attorneys for the defendant, (and to which this court gave great consideration,) but counter affidavits were filed denying any such excitement as sworn to.   The court in their opinion say :   "The question for the decision of the court was whether a case had been made, authorizing the court to grant to defendant a change of venue, or whether from the affidavits filed, the court might well have concluded that such excitement and prejudice did exist in the minds of the people, as to render it probable that the defendant could not receive a fair and impartial trial in that county."   The application in this case was as strongly supported as in that.   We think there was such a substantial compliance with the law as to have entitled the defendant to the change prayed for, and that such change was asked for in good faith.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.