DANIELS V. THE C., I & N. R. CO. ET. AL.

**Railroads**: RIGHT OF WAY: DAMAGES.   Where a railroad company appropriated land for right of way without proceedings to condemn and assess damages, or grant from the owner, it was *held*, in an action subsequently instituted under the statute by the company, to perfect its title and assess damages, that the measure thereof was the value of the land at the time of its appropriation with interest thereafter.

*Appeal from Linn District Court.*

FRIDAY, JUNE 18.

THIS is a proceeding under the statute, instituted by the defendants, a railroad corporation, to assess the damages sustained by plaintiff, on account of the appropriation and taking by defendants, of a lot in Cedar Rapids, owned by plaintiff, for the use of the railroad.   Upon an appeal from the assessment made by the sheriff's jury, judgment was rendered in the District Court in favor of plaintiff, for the sum of $178; he now appeals to this court.   Other facts in the case appear in the opinion.

*E. Latham*, for appellant.

*N. M. Hubbard* and *E. S. Bailey*, for appellee.

BECK, J.—The defendants entered upon the lot involved in this action in 1860, and have occupied it since for the use of the railway operated or owned by them.   No proceedings were, prior to the present action, instituted by either party to assess plaintiff's damages resulting from such appropriation of his property.   In 1871 plaintiff commenced a suit for the possession of the lot which resulted in a judgment in his favor, and an affirmance thereof in this court.   See 35 Iowa, 129. The defendants thereupon instituted this suit, being still in the occupancy of the lot for purposes connected with the operation of their railroad.   Upon the trial the court held, and so instructed the jury, that plaintiff was entitled to recover the

value of the lot in 1860, the date of the appropriation; plaintiff insists that he is entitled to recover the value of the lot at the time of the assessment of damages made by the sheriff's jury. The ruling upon this point presents the only question in the case. We will proceed to its consideration.

Railway corporations are authorized "to take, and hold * * * * * so much real estate as may be necessary for the location, construction and convenient use of their railways." Code § 1241. The right of defendants to appropriate the lot of plaintiff in the manner prescribed by law is not disputed.

It is provided that if the owner of real estate required for the necessary purposes of a railway refuse to grant the same to the railroad company, or if the owner and the corporation cannot agree upon the compensation to be paid therefor, either party may institute proceedings for the assessment of the land owner's damages. Code § 1244. There is no provision in this statute prohibiting the corporation from entering upon the land prior to the assessment, or requiring the assessment to be had before the land is occupied. The rights of the parties in case the land should be occupied before the assessment are not prescribed by the statute. But this court has held that the railroad company acquires no right to the land until payment of damages. *Henry v. D. & P. R'y Co.*, 10 Iowa, 540. Code § 1244. If damages have not been assessed, the land owner may recover the possession form the company. *Daniels v. C. & N. W. R'y Co.*, 35 Iowa, 129. The possession of the company before assessment of damages is that of a trespasser. But the statute evidently contemplates cases where the land may be so held, and gives to the owner the remedy of compensation to be recovered by the proceedings instituted by defendant in this case. Code, § 1244. Proceedings of this character are not uncommon in such cases, and the right of the land owner to relief in that way, cannot be questioned under the language of the section first cited. The railroad company, at any time after occupancy of the land, if it has not before done so, may institute the proceedings in order to

acquire the right to hold the land, and settle the amount of compensation to be paid the land owner.

In the case before us the land has been occupied by the defendants since 1860. Since that date both parties have had RAILROADS: the right to institute proceedings to assess plain- right of way: tiff's damages. Defendants have held the land at damages. the sufferance of plaintiff, enjoying its benefits to the same extent as though plaintiff's damages had been assessed. Plaintiff has suffered no greater damage than would·have occurred to him, had defendants pursued the course pointed out by statute which they are now, by this proceeding, pursuing. By these proceedings plaintiff is not deprived of the title to the land; the defendants acquire nothing more than the right to occupy it for railroad purposes. Had they been instituted prior to, or upon defendants taking the possession of the land, no different right would have been acquired by them than they obtain in the present action. In each case the measure of plaintiff's damages is the same, namely the value of the land without regard to benefits resulting from the improvement. Plaintiff, had the damage been assessed upon the occupancy of the land, would have received no compensation for its prospective uses, other than as these would enter into the estimate of its value. The same matters now will determine the value that it would have then. It will be seen, in view of these considerations, that the value of the land at the time of the appropriation, with interest upon the sum assessed from that date until judgment in this case, is the just measure of plaintiff's damages.

This conclusion is supported by the further considerations that the remedy, by the same proceeding defendants have instituted, has been within plaintiff's reach all the time since the occupation of the land by the defendants, and that a different rule of damages claimed by plaintiff, namely, the present value of the land, would, in case of the depreciation of the property after the appropriation, work manifest injustice to the land owner.

The following authorities lend support in some degree to the conclusions above expressed. *The Delaware, etc., R. R.*

*Co. v. Burson,* 61 Pa., St. 369; *Railroad v. Gesner,* 20 Pa. St., 240; *Whitman v. Boston & M. R. R. Co.,* 7 Allen, 313; *Dickerson v. Inhabitants of Fitchburg,* 13 Gray, 546; *Parks v. City of Boston,* 15 Pick, 198; *Van Blaricum v. State,* 7 Black., 209.

AFFIRMED.