The State v. Canada.

THE STATE v. CANADA.

1. **Venue**: CHANGE OF: CRIMINAL LAW. While the determination of an application for a change of venue, based on local prejudice, is vested in the discretion of the court, yet it is not an absolute and arbitrary discretion, but a sound judicial discretion, subject to review in the appellate court.

*Appeal from Clarke District Court.*

WEDNESDAY, JUNE 5.

THE defendant was indicted, at the May term of the Clarke District Court, for murder in the first degree. At the same term he was tried, convicted of murder in the second degree, and sentenced to the penitentiary for twenty years. He appeals.

*Likes & Smith* and *P. J. Goss*, for appellant.

*J. F. McJunkin*, Attorney General, for the State.

DAY, J.—On the day after the indictment was presented, the defendant presented his petition for a change of venue, duly sworn to, as follows: "Your petitioner, Ben-
1. VENUE: change of: criminal law. ton Canada, defendant in the above entitled cause, states to the court here that at the pres-

ent term of this court, to wit: May 23, 1877, he was indicted, by the grand jury of the said State and county, for the crime of murder in the first degree; that to the said indictment, so found, he here and now files his plea of not guilty; that this defendant cannot receive a fair and impartial trial, owing to the excitement and prejudice against him in this (Clarke) county. Your petitioner states his belief as to the particular grounds of excitement and prejudice to be: that the parents and relatives of the said Hunt, deceased (whom your petitioner is charged with having murdered), are old settlers of said county and State; that they are favorably known, and have and possess a very large and controlling influence over and among the people of said Clarke county, Iowa; that immediately after the alleged murder there were extended and uncalled for comments made and reflections cast by the public papers published in this county relative to said transaction, reflecting very seriously upon the character of this defendant in general, without any foundation whatever; that said strictures and reflections, so made by said newspapers, it is believed very firmly, greatly tended to arouse unduly the passions and prejudices, and very greatly excite the people of said Clarke county; that at least one of the public papers printed and published in Osceola, in said county and State, saw fit to and did publish extras of their said paper reflecting on the character of this defendant, which said charges and reflections were false *in toto;* that the excitement and prejudice against this defendant (he) firmly believes still to exist in the minds of the people of Clarke county, Iowa. Your petitioner firmly and religiously believes that the state of feeling against him is such, from the causes herein stated, and many others that might be stated, confidently appeals to and prays this honorable court for a change of venue in said cause, to the end that defendant may feel conscious that he is to, and will, receive a fair and impartial trial before his fellow countrymen who are free from excitement, prejudice, or in any manner biased whatever."

In support of this application the defendant filed an affidavit of D. H. Clark, as follows: "I, D. H. Clark, upon oath depose and say that I am a resident of Clarke county, Iowa, and have been for about ten years; and that I am not related to the defendant in the case of *The State of Iowa v. Canada.* And I further say that the defendant, Canada, cannot obtain a fair trial in Clarke county, Iowa, owing to the excitement and the prejudice of the citizens of Clarke county, Iowa, against him. And I further say that I believe this is one of the cases in which the defendant ought to have a change of venue granted to him." Like affidavits of John N. Jamison and A. C. Rarick were filed. The State filed no counter affidavits, and made no showing in resistance of the application for change of venue. The court overruled the application.

The alleged murder was committed on the 17th day of January, 1877. The statute provides that the court, in the exercise of a sound discretion, must decide the matter of the petition, when fully advised, according to the very right of it. Code, § 4374. The statute vests in the court, not an absolute nor an arbitrary discretion, but a sound judicial discretion. If the discretion be improperly exercised, the action of the District Court may be reviewed and reversed. See *State v. Nash & Redout,* 7 Iowa, 347; *State v. Mooney,* 10 Iowa, 506; *State v. Arnold,* 12 Iowa, 479.

In the case of *State v. Nash & Redout, supra,* the following very appropriate language is employed: "It is important to maintain the usefulness of our judicial system, that no suspicion of influence from popular excitement in the administration of the law should be allowed to impair the public confidence in the fairness and impartiality of judicial proceedings. An excited state of public feeling and opinion is always the most unfavorable for the investigation of truth. Not only should the mind of the juror be wholly without bias and prejudice, it should not only be free from all undue feeling and excitement in itself, but it should be, as far as possible, removed from the influence of prejudice and feeling and

excitement in others. A circumstance of small importance in itself may often, in the midst of a community stirred by passion and excitement, serve to turn the scales of justice." Where so much is left to the judicial discretion of the court, precedents can be of but little aid. Each case must depend upon its own peculiar facts and circumstances. In this case, in view of the magnitude of the offense charged, the shortness of the time between its alleged commission and the trial, the particular circumstances of prejudice set forth in the petition for change of venue, and the fact that no counter showing was made by the State, we think that the court should have granted a change of venue, and that, in the refusal of it, the discretion vested in the court was not properly exercised. This disposition of the case renders a consideration of the other questions presented unnecessary.

REVERSED.