## PHILADELPHIA, R. & N. E. R. CO. v. BOWMAN.

(Supreme Court, Appellate Division, Second Department.    December 21, 1897.)

EMINENT DOMAIN—MORTGAGE FORECLOSURE—RIGHTS OF PURCHASER.

Where a railroad company, with the consent of the owner, enters upon and improves property covered by a prior mortgage, and fails to condemn the interest of the mortgagee, but proceeds, after the mortgage has been foreclosed by an action to which it was made a party, to condemn the interest of the purchaser at the foreclosure sale, the latter is entitled to compensation for the improvements placed on the land by the company.

Appeal from special term.

Action by the Philadelphia, Reading & New England Railroad Company against Jacob S. Bowman.    From an order confirming report of commissioners of appraisal, plaintiff appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Milton A. Fowler, for appellant.
Robert F. Wilkinson, for respondent.

CULLEN, J.    The premises, the subject of condemnation in this proceeding, are the right of way occupied by appellant's railroad across the farm of one William H. Tanner.    The predecessor of the appellant, also a railroad corporation, entered into possession of the premises under a deed from said Tanner, and constructed its railroad thereon.    At the time of the conveyance by Tanner his farm was subject to a mortgage.    No release of this mortgage was obtained or any proceedings instituted to condemn the right of the mortgagee.    In 1895 an action was brought to foreclose this mortgage, to which the appellant was made a party.    The appellant answered in that action, claiming that the remainder of the farm should be first sold in satisfaction of the mortgage debt.    Under the decree in foreclosure the two plots, i. e. the remainder of the farm and the right of way of the railway company, were sold to different purchasers.    The defendant bought the railroad tract, and received the referee's deed therefor. Subsequently the appellant instituted these proceedings to acquire title to the portion of its right of way so sold to the defendant.    The tract in suit comprises an area of somewhat over four acres, worth merely as land about $212.    The commissioners of appraisal awarded the defendant the sum of $1,200, with interest from the time of the original entry of the railroad company, in 1889, and certified in their report that the principle on which they had assessed the damages was the injury or diminution of value occasioned to the whole farm by the taking of the strip occupied by the railroad.    On motion of the appellant, the special term set aside this report, on the ground that the commissioners had proceeded on an erroneous principle, and the matter was referred to the commissioners for further proceedings.    Upon the second hearing the commissioners awarded the defendant the sum of $2,000.    This report and award were confirmed at the special term, and from the order and judgment of confirmation this appeal is taken.

The sole question presented on this appeal is the right of the defendant to compensation for the improvements placed by the appellant on the land in constructing its roadway and in position there at the time of the sale under foreclosure. It is not necessary for us to determine, nor does the question arise, whether in the award of compensation the premises were to be valued as part of a continuous railroad, as the evidence in this case is sufficient to support the award, if the defendant acquired title to the fixtures and material, in whatever view their value may be considered. The proposition on which the learned counsel for the appellant assails the report of the commissioners is that the defendant, by his purchase at the foreclosure sale, acquired title to nothing but the land or space, and no right to the improvements made thereon by the railroad company. That, ordinarily, under the general rule between mortgagor and mortgagee, the title to the improvements would pass with the title to the land is not denied. But it is contended that a different rule applies to the case of improvements made by a railroad company where its entry upon the land was under the consent of the owner of the fee, and in support of this claim several authorities are cited. The only one in this state is Dows v. Congdon, 16 How. Prac. 571. In that case the right of way of the railroad was sold under the foreclosure of a mortgage covering a mill property across which the railroad had been constructed. The sale was set aside on the application of the company, and a resale granted, the court ordering a reference to ascertain the compensation that should be made for the right of way not enhanced by the improvements, and directing that the railroad company should be required to pay such sum in satisfaction of the mortgage debt. An appeal to the court of appeals was dismissed by that court, on the ground that the order was so far interlocutory as to preclude the court from reviewing it. It was held that the appellant must await the report of the referee, and the order made on that report, before he could review the decision by appeal to the court of appeals. Dows v. Congdon, 26 N. Y. 122. The doctrine of this case, therefore, solely rests on the authority of the special term. Railroad Co. v. Booraem, 28 N. J. Eq. 451, was the foreclosure of a mortgage on lands upon which a railroad company had constructed its road and made other improvements. It was there held that the company was bound to contribute to the payment of the mortgage only "to the extent of the value of the part appropriated by it at the time of the appropriation, with interest thereon, irrespective of the improvements put thereon by the company." In this case, pending the foreclosure suit, statutory proceedings to condemn the property had been taken, to which the mortgagee was made a party, and an appraisement of damages made therein, and the matter came before the court by the application of the company to have the award substituted for the land in satisfaction of the mortgage. Railroad Co. v. Armstrong, 40 Cal. 851, was a condemnation proceeding taken against the mortgagee. It was held that the mortgagee was entitled to the value of the land taken, and the damages sustained by its severance from the remainder, but not to the value of the improvements made by the railroad company. In this case the mortgage had not been foreclosed nor any sale made there-

under.    California Southern R. Co. v. Southern Pac. R. Co. (Cal.) 7 Pac. 123, was a similar proceeding, and the decision substantially the same as that of the previous case.    Kennedy v. Railway Co., 22 Wis. 561, was a foreclosure suit.    In that case the railroad company answered, asking that the value of its right of way, irrespective of improvements, be ascertained, and such right of way discharged from the lien of the mortgage on payment of that value.    It was held that the company was entitled to the relief asked.    Daniels v. Railroad Co., 41 Iowa, 52, was a condemnation proceeding to cure a defective title, the company being already in possession.    It was held that the true measure of damages was the value of the land, without improvements, at the time of its appropriation, with interest. Railroad Co. v. Hood (Kan. App.) 43 Pac. 997, is not in point.    Whatever is said there is obiter, as it was held that the company had adopted an erroneous method in which to obtain relief.    The statute of Kansas is peculiar.    It seems unnecessary in that state to make a mortgagee a party to condemnation proceedings.

This review of the cases shows that in none of them did the question here involved arise, nor was it decided.    It may be assumed as the law that where a railroad company lawfully enters in possession of premises, and thereafter institutes condemnation proceedings to cure a defective title or extinguish the lien of a mortgage or other incumbrance, the measure of compensation is not enhanced by the improvements placed by the railroad company on the land, although the proposition is not authoritatively settled in this state.    It may be doubted whether in this state, against his will, the compensation to be made to a mortgagee can be ascertained except by a jury or commissioners appointed by the court.    But however this may be, and conceding to its full extent the doctrine of the cases cited, the question in this case is not what is the rule of compensation to a mortgagee, but what passes by a sale, under a decree of foreclosure.    The appellant might at any time before the sale, or at least before the judgment, have, by proper proceedings, condemned the interest of the mortgagee, and thereupon no judgment could have gone against it for the sale of the property.    In such a proceeding the rule of compensation would have been not only the value of the property taken, but the injury done the remaining property by the severance.    This was the principle on which the commissioners made their first report in this proceeding.    But the appellant was not satisfied with that rule, and on its application the report was set aside.    It is therefore entitled to little sympathy if the rule applied in the subsequent appraisal operates more onerously against it.    Whatever right, equity, or interest the appellant may have had, as against the mortgagee, in its right of way, it was bound to assert it in the foreclosure suit, for any such interest accrued subsequent to the mortgage, and was subordinate thereto.    Concededly, the mere fact that the railroad company was in possession of its road did not exempt it from the loss of its improvements.    In Re Long Island Railroad Co., 6 Thomp. & C. 298, it was held that, where the railroad company entered without the permission of the owner, and was a mere trespasser, its tracks and improvements went to the owner of the land, and that in condemna-

tion proceedings the latter was entitled to compensation therefor. The same is the rule in California. See cases cited supra. It does not appear that any interest or equity of the appellant was reserved by the judgment. Though the judgment is not given in full in the record, we assume it to be of the ordinary character. Therefore, on the production of the deed, the purchaser was entitled to the possession of the premises sold, and to the summary process of the court to put him in such possession against any party to the foreclosure action. Nor is it shown that the defendant had any actual notice that the railroad company was entitled to its improvements, and that such did not pass by the sale. The mere possession of the railroad company was insufficient to put the purchaser on notice, for, as already stated, it is not in every case that, even by the most liberal rule, the company would retain its right to the improvements. We are therefore of opinion that by the decree in foreclosure, and the sale thereunder, not only the land, but the fixtures and improvements thereon, passed to the purchaser. Nor are we wanting in authority to this effect. In Briggs v. Railroad Co., 56 Kan. 526, 43 Pac. 1131, it was held that the purchaser on foreclosure, in a situation similar to that of the present defendant, acquired title to the improvements placed thereon by the railroad company, and was entitled to an award for their value. It was there said:

"It seems a hard case when a railroad company is required to pay the value of improvements which it has placed upon a strip of ground occupied as a right of way, but it is a familiar principle that on a mortgage sale the title of the purchaser relates back to the execution of the mortgage, and cuts off intervening rights and equities acquired from the mortgagor by purchase; and this is applicable to all landowners alike. * * * These structures were real property. What right, if any, the company would have had prior to the foreclosure sale to remove them, or to obtain a condemnation without paying their value, is not involved in this case. Before the company instituted its condemnation proceeding, it had been cut off and barred from claiming any interest in said lot, which included these structures."

The present case, however, is not a hard one, for the appellant might have had the favorable rule adopted in many of the states when condemnation is instituted prior to the foreclosure sale, but it expressly repudiated the rule.

The principle on which the commissioners proceeded in making their award was correct, and the order and award should be affirmed, with costs. All concur.