New York, Ontario and Western Railway Company, Plaintiff, *v.* Charles Victor Livingston, Defendant.

Supreme Court, Ulster Special Term, November, 1922 (Received January, 1923).

Eminent domain — railroads — condemnation proceedings — owner is entitled to full value of improvements on land even when made by the petitioner itself — rights of remainderman.

Where one enters upon the land of another wrongfully, and erects structures and improvements thereon, the owner is entitled to said improvements without making compensation therefor, and where such annexations have been made without consent, by the parties seeking to condemn the property, the owner is entitled to the enhanced value of the property by reason of such improvements.

A testator who died in 1864 devised certain real property to his nephew for life with remainder to his eldest son living at his death. After the life tenant had in 1871 conveyed the premises to M. by a deed purporting to convey a fee in the premises a railroad company constructed a railroad over the premises. In 1880 the plaintiff herein was incorporated and became the successor in interest of the former company and has ever since operated said railroad. Subsequent to taking over the railroad M. conveyed to plaintiff a portion of said premises and thereafter plaintiff by mesne conveyances from the successors of M., acquired additional parcels of land adjacent to the railroad's right of way. The judgment granted in 1920 in an action in ejectment brought by the eldest son of the life tenant living at his father's death to recover possession of the property conveyed to M., consisting of twelve and sixty-nine one-hundredths acres situate in an incorporated village, awarded to plaintiff in the action the title to the premises in fee simple absolute, with right to immediate possession thereof, and adjudged that the defendant railroad company had wrongfully withheld the property since the date of the death of the life tenant. This judgment was affirmed by the Appellate Division. *Held*, that the commissioners in a condemnation proceeding instituted by the railroad company to acquire the property affected by said judgment committed no error in holding that the defendant's measure of compensation was the total value of the land as enchanced by the value of structures and improvements placed thereon by the railroad company, as the competency of the evidence upon which the measure of damages adopted by the commissioners was based is fully sustained by the decision in *Matter of New York City*, 198 N. Y. 84.

While the original entry of the railroad company may have been lawful as to the life tenant, having subsequently been confirmed and ratified by a conveyance of his interest in the property, it was not lawful as to the remainderman and as to him the railroad company was a trespasser from the beginning.

Motion to confirm report of commissioners on condemnation.

*Charles L. Andrus*, for plaintiff.

*Dean, King, Tracy & Smith (Howard Chipp*, of counsel), for defendant.

Staley, J. This is a motion to confirm the report of commissioners in condemnation and to direct compensation to be

made in accordance therewith, with costs, and for an additional allowance.

The questions involved are somewhat different from those usually presented by applications of this character.

Edward Livingston was the owner of a 200-acre farm in Sullivan county. He died in 1864 leaving a last will and testament, which was duly probated, and by which he devised this property to his nephew Charles Octavius Livingston, " during the term of his natural life," and at his death to descend to his eldest son who shall then be living. On May 30, 1914, Charles Octavius Livingston died and his eldest son then living is the defendant herein, Charles Victor Livingston.

In 1871, however, the life tenant, Charles Octavius Livingston, conveyed the premises in question to Medad Morss. This conveyance purported to grant a fee in the premises although the grantor's interest was in fact limited to a life estate. Subsequent to this deed to Morss, the New York and Oswego Midland Railroad Company constructed a railroad over said premises and thereafter and in the year 1880 the plaintiff herein, the New York, Ontario and Western Railway Company, was incorporated and became the successor in interest of the former company and has ever since operated said railroad. Subsequent to the taking over of the railroad and on April 5, 1880, the plaintiff procured a deed of a portion of the premises involved herein from said Morss and thereafter the plaintiff acquired, by mesne conveyance from the successor of Morss, additional parcels adjacent to the railroad's right of way.

In 1917 Charles Victor Livingston, defendant herein, brought an action of ejectment against the plaintiff for the recovery of the possession of the property which is the subject of this proceeding, and in 1920 a judgment was granted therein awarding to him the title thereof in fee simple absolute and the right to the immediate possession thereof, and adjudged that the said railroad had wrongfully withheld the property in question since May 30, 1914, the date of the death of Charles Octavius Livingston. This judgment was affirmed by the Appellate Division, third department (*Livingston* v. *New York, Ontario & W. R. Co.*, 193 App. Div. 523).

The present proceeding was then brought by the plaintiff to condemn the property occupied by it and which had been adjudged to be the property of said Livingston. The premises consist of twelve and sixty-nine one-hundredths acres situate in the village of Livingston Manor.

The commission awarded the defendant the sum of $64,000 for the real estate and its enhanced value because of the structures

and improvements placed thereon by the plaintiff prior to the death of Charles Octavius Livingston, and separated in its report these elements of compensation, awarding $15,000 for the real estate without the structures and improvements and $49,000 for its enhanced value by reason of the structures and improvements placed thereon.

The main question on this motion is the right of the defendant to compensation for the enhanced value of his land because of the structures and improvements placed thereon by the plaintiff during its occupancy under grant from the life tenant. The difficulty of solution is not so much one to determine the principles of law relating to such a question, but rather their application to the facts presented in this case.

Where one enters upon the land of another wrongfully, and erects structures and improvements thereon, the owner is entitled to said improvements without making compensation therefor, and where such annexations have been made, without consent, by the party seeking to condemn the property, the owner is entitled to the enhanced value of the property by reason of such improvements. *Village of St. Johnsville* v. *Smith*, 184 N. Y. 341; *Phil. R. & N. E. R. Co.* v. *Bowman*, 23 App. Div. 170; affd., 163 N. Y. 572; *Matter of New York, W. S. & B. Ry. Co.*, 37 Hun, 317; *Matter of Long Island R. R. Co.*, 6 T. & C. 298; *Van Size* v. *Long Island R. Co.*, 3 Hun, 613; *Blodgett* v. *Utica & B. R. R. Co.*, 64 Barb. 580; *Frear* v. *Hardenbergh*, 5 Johns. 272.

The value of structures erected by a corporation having the power of eminent domain upon lands lawfully entered upon and during the lawful possession of the same cannot be recovered in condemnation proceedings brought to perfect title to the premises. *Matter of Trustees of Village of White Plains*, 124 App. Div. 1; *Village of St. Johnsville* v. *Smith, supra; McNair* v. *R., N. Y. & P. R. R. Co.*, 38 N. Y. St. Repr. 271; *Matter of Norwood* v. *Montreal R. R. Co.*, 47 Hun, 489.

These are the principles and cases enunciating them which bear upon the problem here presented. The facts in this proceeding are different in some respects from many of these cases. The *Bowman* case, however, is directly in point and analogous in principle and is I believe decisive of the controversy.

In the ejectment action the judgment provided that Charles Victor Livingston since the 30th day of May, 1914, had been seized in fee simple absolute and lawfully entitled to the immediate possession of the premises, the subject of this proceeding, and that they were unlawfully withheld by the railroad company and that Livingston recover their immediate possession. The railroad

company was thereby ejected from the lands; Livingston was put in lawful possession. As between the parties the premises in dispute became his land and he became the absolute owner of the land with the structures and improvements. The railroad company could not lawfully remove from these lands any of the improvements placed thereon by it.

These structures may have been lawfully placed upon the land so far as the right of the life tenant was concerned; they were not lawfully placed there so far as the right of the remainderman was concerned. As to him the entry was without his consent and was wrongful. Plaintiff was trespasser and as such has been ejected by judgment of the court. " Such entry," says Justice Woodward in *Livingston* v. *New York, Ontario & W. R. Co.*, 193 App. Div. 523, 529, " was wrongful and it had not the excuse of necessity, for it at all times had the power of eminent domain, and could have condemned and paid for the property which it desired."

But right or wrong as to the defendant these lands became his property when the railroad company was ejected and thereby stripped of every vestige of title or claim and it is that property which the railroad is now seeking to acquire by condemnation. It is for that property the defendant is seeking full and just compensation.

In the *Bowman Case, supra,* the question as presented by Judge Cullen was, " What passes by sale under a decree of foreclosure? " The precise question is presented here by the inquiry, " What passes by a judgment in ejectment? " The answer is obvious and it is equally clear that the defendant is entitled to compensation for what did pass. In the *Bowman* case the railroad company lawfully entered upon the property with consent of the owner, but the entire interest of the company was cut off by foreclosure. Here the company entered with the consent of the life tenant and its interest was cut off by the death of the life tenant and the termination of its estate has been sustained by the judgment in ejectment. There can be no difference in effect. In each case there was an original lawful entry which was subsequently extinguished and upon its extinguishment the company, in subsequent condemnation proceedings, was required to pay not only for the value of the land but also for its value enchanced by the improvements thereon.

The proceeding cannot be said to be one on the part of the plaintiff to perfect title. After the death of the life tenant and the judgment in ejectment it had no title to perfect, and the title which it had had before was a limited title perfect only as to the interest of the life tenant but lifeless at his death.

The original entry by the company may have been lawful as to

the life tenant, at least it was subsequently confirmed and ratified by a conveyance of the life tenant's interest, but it was not lawful as to the remainderman and as to him the company was a trespasser from the beginning.

It may be a harsh rule that requires this company to practically pay double for these improvements, but any other rule, under the circumstances here, would have the effect of giving it property belonging to another for a value much less than its real value. Judge Werner in *Matter of City of New York*, 198 N. Y. 84, 89, referring to the *St. Johnsville* case, said: "When the case came to this court, it was held that Smith was entitled to recover the value of his land as it was when the condemnation proceedings were instituted."

The commission committed no error in holding that the defendant's measure of compensation was the total value of the land as enhanced by the value of the structures and improvements thereon.

The award as made by the commission was just and fair under the evidence presented which fully sustains it. In proceedings such as this the rule is to award full compensation for the property taken, and its adaptability to the use of the plaintiff is an element to be considered.

The defendant is entitled to an award for the full value of his land and that value may be affected by any special quality of the property taken rendering it peculiarly adaptable for the purposes for which it was taken (*Matter of New York, Westchester & Boston R. Co.*, 151 App. Div. 50, 56) together with the value of the land as enhanced by the structures and improvements thereon.

The award as made by the commission was not for the cost of the improvements as made by the plaintiff, nor for the amount which the land may be worth to the plaintiff because of its necessity, but for the amount of the enhancement in value of the land by reason of these structures and improvements which have passed to the defendant. The measure of compensation granted does not, therefore, offend the rule as laid down by Judge Bartlett in the *St. Johnsville* case. The award is much less than the cost of the improvements as shown by plaintiff's evidence. If plaintiff's necessity was the basis or measure of compensation the continued operation of a great railroad system would be at stake and its future operation seriously threatened or interfered with without this land. Its value as an essential part of that system would be far greater than the award here made. The measure of damages adopted by the commission and the competency of the evidence upon which it is based are fully sustained in *Matter of City of New York, supra.*

Order may, therefore, be entered to confirm the report of the commission, with costs, and granting to defendant an extra allowance of $1,000.

Ordered accordingly.