HIBBS v. THE C. & S. W. R. Co. ET AL.

1. **Railroads:** RIGHT OF WAY: CONTRACT. An agreement in writing, executed by a land owner, to give a right of way to a railroad company upon its compliance with a certain condition, the agreement being placed in the hands of a third party, not an agent of the company, who returned it after the company had failed of compliance, did not entitle it to the right of way without compensation therefor.

2. ——: ——: TRESPASS. A railroad company which enters upon land and appropriates a right of way without proceedings to condemn, or contract with the owner, or rendering him compensation therefor, is a mere trespasser and acquires no right to hold the land.

3. ——: ——: WHEN PROCEEDINGS MAY BE INSTITUTED. A land owner may institute proceedings to recover compensation for a right of way after the railroad is completed.

4. ——: ——: INJUNCTION. An injunction will lie to restrain the company from continuing to operate its road, after an award of damages under the statute, until the damages awarded are paid.

5. ——: ——: ——. In like manner, the lessee of the company constructing and owning the road may be enjoined from operating it until payment of damages legally awarded.

*Appeal from Wayne District Court.*

FRIDAY, SEPTEMBER 25.

ACTION in chancery. The petition alleges that in the winter of 1870-71, the Chicago & Southwestern Railway Company entered upon a tract of land, being one-half section, situated in Wayne county, and owned by plaintiff, for the purpose of constructing its railroad over the same, and subsequently, in the spring of 1871, completed the road, and now occupies a strip one hundred feet in width, for the uses of the railroad; that this appropriation of plaintiff's land was without any compensation having been first made or secured to him; that in compliance with law, on the 11th day of October, 1871, plaintiff caused a notice to be served upon the defendant first named, of his intention to have an assessment made of his damages, by a jury to be selected by the sheriff, and, on the 18th day of the same month, an assessment was lawfully

made by such a jury, and this report duly filed awarding plaintiff damages in the sum of $450 and $18 costs, which defendant has refused to pay; that plaintiff has executed and tendered to defendant a deed for the right of way, and deposits the same for defendant upon its paying the damages assessed, and that the other defendant, the C., R. I. & P. R. Co., is now using the railway built by the defendant first named, as lessee. The petition was filed February 21, 1872, and prays that the defendant be restrained and enjoined from the use and occupation of the land until the damages awarded shall have been paid.

The answer of defendants denies the material allegations of the petition tending to support plaintiff's right to the relief asked, and alleges that the land was occupied by the C. & S. W. R. Co. with plaintiff's consent, under a contract made with him to the effect that, if a line for the railroad first surveyed should be changed and the road constructed over another line and certain crossings and open bridges constructed, the right of way should be taken by defendant without compensation; that defendant so changed the line of road and otherwise complied with this contract. The answer is made a cross petition by the C. & S. W. R. Co., and it prays that the contract therein set out may be specifically enforced and plaintiff required to perform it. The allegations upon which this relief is asked are denied by plaintiff.

A trial upon the merits resulted in a decree granting the relief prayed for in plaintiff's petition. Defendants appeal.

*Cook, Richman & Bruning*, for appellants.

*J. N. McClanahan*, for appellee.

BECK, J.—I. There is little, if any, conflict in the evidence before us. It is not denied that the C. & S. W. R. Co. have taken and appropriated plaintiff's land without compensation paid or tendered.

Neither is the assessment of plaintiff's damages as alleged in his petition by a sheriff's jury denied, and the regularity of the proceeding, further than it could not have been instituted

upon plaintiff's application, is not questioned. No complaint is made of the amount of the assessment, and it is not charged to be unjust.

The defense that the land was entered upon and taken under a contract with plaintiff is not supported by the evidence. In 1. RAILROADS: right of way: contract. our opinion there is not sufficient evidence upon which this defense can be based. All there is upon which defendants' claim of occupation under a contract is founded, is this, and nothing more: Plaintiff, at the solicitation of a party interested in the location of a depot, did sign and deliver to him, to be used in a pending negotiation pertaining to that matter, a contract of the kind set up in the answer. But it was never delivered to defendant, and the object for which it was to be used was never secured. The party receiving it from plaintiff was not an agent of defendant, and, after he failed of his object, returned the agreement to plaintiff pursuant to his agreement so to do. There can be no fair claim that the contract was delivered to the defendant, or that plaintiff became bound thereby. All that can be said about it is, that it was part of the basis of a proposition made to defendant, which was never accepted. There is no conflict on this point, and it demands no further consideration.

II. It is claimed by appellants' counsel that, as plaintiff knowingly permitted one of the defendants to enter the land and make 2 ——: ——: trespass. improvements, he is estopped from setting up any title thereto. If it is meant that plaintiff cannot set up any claim to the improvements the railroad constructed on the land, he does not do so in the petition. It cannot be claimed that the defendant has acquired any title to the land; all that it could have acquired, had it pursued a legal course to condemn the land, would have been an easement. Certainly it can acquire no more without taking legal steps, and without a contract with plaintiff, which we have seen it has failed to establish. We have never heard that a trespasser entering upon land may, by any improvement, acquire right to deprive the owner of his property. Had defendant entered upon the land, claiming a right to do so, which was known to plaintiff, and under that claim constructed the road, counsel's position

would have some foundation in law to support it. But nothing of the kind is shown. It had no permission by a contract with plaintiff to do so, and did not pursue the course authorized by law in order to acquire such right.

It acquired, therefore, no right to hold the land without rendering to the plaintiff just compensation. Its right to the easement, upon making just compensation, determined in a manner provided by the law, as we shall hereafter see, is not denied by plaintiff.

III. The plaintiff's land could not have been taken by defendant without just compensation. The law provides how the compensation shall be ascertained. But counsel insist that proceedings pointed out by the law can only be instituted when a railroad company is about to enter upon land, and cannot be brought to the aid of a land owner after his land has been taken. The statute expressly provides that either party may institute the proceedings. Rev. §§ 1317, 1318; Code, §§ 1244, 1245. The only question to be answered is, when may they be commenced by the land owner?

*3. ——: ——: when proceedings may be instituted.*

If the corporation enter upon the land without the assent of the land owner, or without having taken the course prescribed by law, it is a trespasser. Its occupancy of the land will raise the presumption of its intention to continue to use it; the land owner may waive the trespass, refrain from ejecting the trespasser, and treat the corporation as though it desired to enter into and occupy lawfully the land, and require it, under the provisions of the statutes above cited, to make just compensation. If this course be pursued, no reason can be given for limiting the remedy to any time prior to the corporation acquiring the right by possession or otherwise, to hold the land. *Daniels v. C. & N. W. R. Co.*, 35 Iowa, 129.

IV. After a condemnation of the land under the statute in proceedings instituted by the railroad company, it will be restrained by injunction from operating its road over the land condemned, until payment of the damages awarded. *Richards v. The D. M. V. R. Co.*, 18 Iowa, 260; *Henry v. D. & P. R. Co.*, 10 Iowa, 540. It is

*4. ——: ——: injunction.*

plain that the same rights will accrue to the land owner in case he institutes the statutory proceedings for assessing damages.

V. The C., R. I. & P. R. Co. uses the railroad of the other defendant under a lease. It can exercise no right that its lessor could not. If that corporation had no right to use the land and may be restrained from operating its road, the lessee acquired no higher or superior right under its lease, which could not transfer privileges the lessor did not possess. This position is based upon elementary principles familiar to all, and demands neither the support of authorities nor arguments.

The foregoing views dispose of all the questions presented by this case. The decree of the District Court is

AFFIRMED.