CONGER v. THE B. & S. W. R. CO. ET AL.

1. **Railroads**: RIGHT OF WAY. That the owner of land permitted a railway company to enter upon it and construct its road does not give the company title to the right of way, or estop him to maintain an action of ejectment against it. Following *Hibbs v. The C. & S. W. R. Co.*, 39 Iowa, 340.

2. ——: ——: APPROPRIATION WITHOUT COMPENSATION. A railway company appropriated right of way without compensating the owner therefor, although damages had been assessed: *Held*, that ejectment would lie but that execution for possession should not issue until the company had been granted a reasonable time, fixed by the court, in which to pay the assessed damages and interest thereon from the date of assessment, at the rate of six per cent.

*Appeal from Appanoose District Court.*

MONDAY, OCTOBER 25.

THIS is an action for the possession of a strip of land one hundred feet wide, lying upon each side of the center line of the track of the Burlington & Southwestern Railway, through the north half of section thirty-one, township sixty-eight north, range seventeen, in Appanoose county.

The petition alleges that plaintiff is the owner of said land, and that defendants wrongfully keep him out of possession.

The answer of the Burlington & Southwestern Railway Company admits plaintiff's ownership of the land, but denies that he is entitled to the immediate possession thereof, and that defendant wrongfully keeps plaintiff out of possession.

For further answer defendant alleged in substance that in the

year 1872, defendant built its railroad over the land described in plaintiff's petition. That said railway commenced at Fort Madison, in Lee county, and runs thence west through the land described in the petition, and thence west and southwest to the town of Unionville in the State of Missouri, a distance of one hundred and fifty miles from Ft. Madison, and forty miles southwest from the lands in the petition described. That plaintiff stood quietly by while defendant was building its railroad across said land, and allowed defendant to expend large sums of money in the construction of its road over and beyond said land, and in equipping it and putting it in running order and made no objection to the building of the road or claim for damages.

That a large amount of business is being done, and the United States mails are being carried over said road and it would be a great loss to the public, and to defendant, to dispossess it of said road.

That long after defendant had built said railroad, plaintiff caused to be properly assessed the damages which he had sustained by the taking of the right of way over his land, and the building of said road.

That plaintiff, by instituting proceedings to have the damages assessed, recognized defendant's right to occupy the land, and agreed to take defendant for his claim for damages, and that by standing by and permitting the road to be built and the large expenditure of money, plaintiff is now estopped from dispossessing defendant or those claiming under it.

The defendant, McKitterick, for answer, adopts the allegations in the answer of the Burlington & Southwestern Railway Company, and in addition thereto alleges that, by the District Court of Davis county, he was appointed receiver for said railroad company, and that he took possession of the road under said appointment, and receives his authority to run and operate the road over the land described in plaintiff's petition, from the order of said court.

Plaintiff demurred to the answer of the railroad company, because the building of the road over, and beyond plaintiff's land with his knowledge, without objection on the part of

plaintiff, and without making compensation, does not estop plaintiff from asserting his right to the possession of the land. The building and operating the road confers no right on defendant to hold possession without compensation.

The assessment of damages by the sheriff's jury, at the instance of plaintiff, confers no right on defendant to hold the land without compensation.

Plaintiff demurred to the answer of the defendant McKitterick upon the same grounds, and upon the further ground that the decree appointing the receiver confers upon him no further right to plaintiff's land than the railroad company had.

The court sustained these demurrers, and adjudged that plaintiff is entitled to the immediate possession of the land described, and that no execution for possession issue till four weeks from the adjournment of court; and that, if at the end of that time no appeal be taken and supersedeas bond filed, execution for possession issue as provided by law. Defendants appeal.

*Vermilion & Haynes*, for appellants.

The plaintiff, by his acquiescence in the occupation of his land as right of way, without objection or demand for payment, is presumed to have waived his claim for damages. The occupancy is presumed to have been with his consent. (*McAuley v. Western Vt. R. Co.*, 33 Vt. 311; *Provalt v. C. R. I. & R. Co.*, 57 Mo., 256; *Baker v. C. R. I. & P. R. Co.*, Id., 265; 2 Redf. Law of R'ys, 5th ed., 389; *Goodin v. C. & W. Canal Co.*, 18 Ohio St., 159; Kerr on Injunc., 201–2; *Hunt v. Long Island R. Co.*, 13 Barb., 647.)

*Tannehill & Fee*, for appellee.

The legislature cannot authorize a railway company to appropriate private property before compensation is made or secured to the owner. (*Henry v. D. & P. R. Co.*, 10 Iowa, 440.) Where a railway company refuses to pay the compensation due for right of way, it may be restrained from using such right of way. (*Richards v. D. V. R. Co.*, 18 Iowa, 259.)

Occupancy and use of right of way must be shown to be with the consent of the owner to establish the right by dedication. (*Daniels v. C. & N. W. R. Co.*, 35 Id., 129.) Leave of court first obtained is not essential to the right to maintain an action against a receiver. (*Chatauqua Co. Bank v. Risley*, 19 N. Y., 376.)

DAY, J.—I. In *Richards v. The Des Moines Valley Railroad Company*, 18 Iowa, 259, it was held that a railway company which neglects and refuses to pay the compensation adjudged to be due the owner of lands for the right of way over them, may be restrained by injunction from using such way. In *Daniels v. The Chicago & Northwestern Railway Company*, 35 Iowa, 329, we held that an owner of real estate may maintain an action of ejectment against a railroad company which has taken the right of way over his land without payment or tender of compensation. Tacitly conceding the correctness of these decisions, appellants claim that plaintiff cannot now avail himself of either of these remedies, because he permitted the construction of the road over his premises, which was attended with great expense, without insisting upon payment of damages, and without objection. And they cite a number of authorities which tend to support their position.

Whatever may have been determined elsewhere, the law in this State has been settled adversely to the position of appel-

1. RAILROADS: right of way. lants. In *Hibbs v. Chicago & Southwestern Railway Co.*, 39 Iowa, 340, it was held that the fact that plaintiff knowingly permitted the defendant to enter upon his land and build its road does not estop him from maintaining an injunction, restraining the defendant from using the right of way, without making compensation therefor. There is no difference in principle, in this respect, between a proceeding by injunction and an action of ejectment.

This case is decisive of the present question, and determines it, perhaps not in accordance with the weight of authority, but in harmony with all just notions of the rights of property.

II.  It is further urged that the answer of McKitterick shows that the railroad is in his possession as receiver, and that, as he is an officer of the court appointing him, he cannot be sued without permission of that court.  This point was not in any manner raised in or presented to the court below, and it cannot be presented for the first time here.

This proceeding is to be regarded as a mere means of coercing payment of the damages.  We suppose the court

2. ——: ——: below so considered it in view of the order that appropriation without compensation. no execution for possession issue till four weeks from the adjournment of court.  If the damages had not been assessed, the defendant might, notwithstanding this proceeding, cause the damages to the land owner to be assessed, and upon payment of them we have no doubt he would be entitled to a recall of the execution if issued, and to the aid of a court of equity for that purpose.  But in this case it appears that the damages have been assessed, and nothing but payment of them is wanting to entitle the defendant to the continued use of plaintiff's land.  If these damages are paid no execution for possession should issue.

The court below will, therefore, be directed to enter a judgment that plaintiff is entitled to the possession of the lands, and that, if the damages assessed with interest at the rate of six per cent. from the date of assessment, and costs be not paid within forty-five days from the entering of the judgment, execution for the possession of the premises issue, but that if the damages, interest and costs be within that time paid, no execution issue, and the judgment will be satisfied.

Thus modified, the judgment is

AFFIRMED.