IRISH v. THE B. & S. W. R. Co.

1. **Railroads:** RIGHT OF WAY: AD QUOD DAMNUM: CONTRACT. Where, pending an appeal from an assessment of damages in an *ad quod damnum* proceeding, an agreement was entered into between the land-owner and the railway company, by which judgment was entered in the Circuit Court for a specified amount with stay of execution "or other proceeding to collect the judgment" for two years, *held*:

    1. That the agreement did not amount to a sale of the right of way, nor did it confer authority to enter into possession.

    2. That at the expiration of the two years, upon default of payment by the company, injunction would lie restraining it from the use of the right of way.

    2. That a stipulation in the agreement that the judgment should draw interest would not work an estoppel upon the owner. ADAMS, J., *dissenting*.

### Appeal from Van Buren Circuit Court.

### THURSDAY, OCTOBER 19.

THE petition states that the plaintiff, being the owner of certain real estate, and defendant being desirous of constructing its road over the same, caused commissioners to be appointed by the sheriff for the purpose of assessing the damages caused by the right of way; that damages were accordingly assessed, from which defendant took an appeal to the Circuit Court, and that judgment was rendered in such court in favor of the plaintiff; that such judgment and damages have not been paid, and an injunction is asked.

The answer alleges that the judgment was entered in the Circuit Court as a compromise and upon a written agreement, which was a contract of sale by the plaintiff to defendant of such right of way, in consideration that the defendant would permit the judgment to be entered without a contest, and that defendant's right of possession and occupancy was recognized thereunder and thereby; that defendant, in good faith, relying thereon, permitted the judgment to be entered, and has completed its railway over said land. The agreement is attached to and made a part of the answer. To the answer plaintiff demurred, and the case was submitted to the Circuit

Court on petition, answer and demurrer. The court found for the plaintiff, and entered a decree accordingly.

*P. H. Smyth* and *Lea & Beaman*, for appellant.

*Williams & Work*, for appellee.

SEEVERS, CH. J.—The agreement referred to and made a part of the answer, was entered into after the appeal was taken, and is as follows: "In this case the Burlington Southwestern Railway Company propose to have the case docketed and a judgment affirmed or rendered for the amount assessed by the jury, to-wit: three hundred and sixteen dollars ($316.00), with stay of execution for two years; said judgment to be for said sum with six per cent on the same from date of the finding by the jury up to the judgment, and ten per cent on said judgment from date of same. There is to be judgment for costs also if not paid, but the same is not to be stayed. If the said Irish agrees to this proposition, then the same is to be acted upon, if not, then it is to be withdrawn." Judgment was entered on the basis of this proposition, except it recites " that execution or *other proceedings* to collect it is to be stayed for two years from the date of the judgment." It is claimed by defendant that the agreement amounted to a sale of the right of way, or at least to a license to enter on the premises, and that it did so enter and has constructed the road with the knowledge and consent of the plaintiff, or if neither of these propositions are true, then it is claimed that, by the terms of the contract, the plaintiff is not entitled to an injunction, but must collect his judgment by issuing execution or other proceeding at law as best he can. There cannot and has not been any well founded reason given for the claim made that the agreement amounted to a sale. It is possible upon payment being made in accord with its terms the defendant would be entitled to a specific performance, but this we are not called on to determine, for the reason that no such question is before us. Nor can it be successfully maintained that the agreement alone gave the defendant the right to enter into possession, for even

an agreement to sell is not a license to enter into possession. *Eggleston v. N. Y. & H. R. R. Co.*, 35 Barb., 162. In that case there was a written agreement to sell, and much stronger in favor of the defendant than in the present case. Whatever possession the defendant took or had must have been under a parol license or simply knowledge on the part of the plaintiff that the road was being built over the premises and his acquiescence implied therefrom. A parol license or right to possession of real estate is revocable at the pleasure of the party giving such license. *Foot v. N. H. & N. H. Co.*, 23 Conn., 214; *Eggleston v. N. Y. & H. R. R. Co.*, *supra*. "A permanent interest in land cannot be created by or under a parol license." Per SELDEN. J., in *Selden v. D. & H. Canal Co.*, 29 N. Y., 634. It is true that such license, until revoked, will protect the licensee from all damages during its existence, but it can never ripen into an estate or permanent interest in the land. This action at least amounts to a revocation of the license, but whether this be true or not, or that there never has been such revocation is not material, for all the plaintiff seeks is compensation for his property taken, which is guaranteed to him by the Constitution.

The agreement and judgment rendered in accordance therewith fairly construed amount to this and nothing more: that the plaintiff agreed not to enforce the collection of the judgment by legal proceedings for two years, and at the expiration of that time he was remitted to all his legal rights and remedies. It is settled in this State that among such remedies is the right to an injunction. *Richards v. D. V. R. R. Co.*, 18 Iowa, 260. It is urged the provision that the judgment is to draw ten per cent has an important bearing in the construction of the agreement. In this view we do not concur. It was entirely competent for the parties to agree upon any compensation they saw fit. The fact they have done so deprives the plaintiff of no right that would have existed had the damages been assessed by a jury in strict accord with law. In *Richards v. D. V. R. R. Co.*, *supra*, the damages were assessed by a jury, and judgment rendered therefor in the District Court, and no steps were taken to collect the

judgment until after the road was completed, the plaintiff in that case acquiescing in the possession and acts of the defendant during construction; and yet it was held he was entitled to an injunction. The plaintiff in that case was passive after the recovery of the judgment; in this, the plaintiff agreed to remain passive for a stated time. We are unable to see any difference between agreeing to be passive during construction and remaining so without any agreement. That there is no estoppel under such circumstances is held in *Hibbs v. C. & S. W. R.*, 39 Iowa, 340, and on the general question involved, see *Evansville v. Grady*, 6 Bush, 140, Ungast's Appeal, 55 Penn. St., 128. Upon both principle and authority we have no hesitation in holding that the decree of the Circuit Court must be

AFFIRMED.

ADAMS, J., *dissenting.*—I think this case should be reversed. The defendant, it is true, entered upon the land without obtaining a right of way.

But the damages having been assessed defendant appealed, and afterwards by agreement, judgment was entered in favor of plaintiff for the amount assessed, the judgment to bear interest at ten per cent, and execution was to be stayed for two years. The answer avers as follows: "It was then agreed and understood between them, that defendant was to have said right of way, as its own, and its right of possession and occupancy was recognized thereunder."

Plaintiff demurred to the answer, and the demurrer was sustained. I think it should have been overruled.

In *McAnlay v. Western R. R. Co.*, 33 Vt., 321, REDFIELD, J., said: "It is undoubtedly true that according to our general railroad statutes and special charters in this state, the payment or deposit of the amount of land damages assessed or agreed, is a condition precedent to the vesting of the title or of any right to the company to construct their road, and if they proceed in their construction without this, they are trespassers, and this has been repeatedly so held by this court.

This may have led to the misapprehension in the present

case. But it is certainly a very serious misapprehension. In these great public works, the shortest period of clear acquiescence, so as fairly to lead the company to infer, *that the party intends to waive his claim for present payment*, will be held to conclude the right to assert the claim in any such form, as to stop the company in the progress of their works, and especially to stop the running of the road, after it has been put in operation, whereby the public acquire important interest in its continuance."

The foregoing doctrine as announced by Judge Redfield, has not, so far as I am aware, ever been controverted in this state or elsewhere.

The cases cited in the majority opinion are, to my mind, in harmony with it, and clearly distinguishable from the present case.

### PETITION FOR REHEARING.

SEEVERS, CH. J.—A petition for a rehearing has been filed, in which it is claimed the foregoing opinion is in conflict with *Cook v. C. B. & Q. R. R.*, 40 Iowa, 451. In that case the object of the plaintiff was to enjoin the defendant from doing an act which he or his grantor had agreed might be done, in doing which the defendant had with their knowledge and consent expended considerable money. The object and scope of the action was to prevent the consummation of the act, and if successful such would have been the result. No such question as compensation for property taken was in the case.

The only object of the present action is to obtain compensation for property taken. The injunction is sought in aid of this object, and the defendant can at any time put an end to the injunction by paying the amount agreed upon. The defendant agreed if the plaintiff would permit the construction of the road over the plaintiff's premises, the defendant would pay a certain sum of money within a stipulated time. This the defendant has failed to do, and the opinion simply holds that the plaintiff is entitled to an injunction as a means of coercing such payment. To this extent and for this purpose the parol license may be revoked. In this respect the

present case is on all fours with *Hibbs v. C. & S. W. R. R.*, 39 Iowa, 340, and *Conger v. B. & S. W. R. R.*, 41 Iowa, 419. The petition for a rehearing is therefore

OVERRULED.