## HOLBÉRT v. ST. L., K. C. & N. R. Co.

1. **Railroad: FOREIGN CORPORATION: RIGHT OF WAY.** A foreign corporation has no power to acquire or possess land for right of way in this State, and cannot therefore be made a party to a proceeding for the assessment of damages for land appropriated for that purpose.

2. ———: ———: ———: INJUNCTION. Where a foreign corporation is using by sufferance the line of a domestic corporation, a land owner is entitled to an injunction restraining it from the use of that portion of the line running through his land until he shall have been compensated for the appropriation of the same for right of way.

*Appeal from Davis District Court.*

THURSDAY, DECEMBER 7.

THE plaintiff alleges in his petition that he is the owner in fee of certain lands in Davis county; that defendants, a corporation using and operating a railroad in said county, have entered upon, and constructed and are operating their railway over, said land for the distance of three-fourths of a mile, without having obtained from plaintiff the right of way over said land; that plaintiff took the proper legal steps to have his damages assessed, and the commissioners duly appointed assessed plaintiff's damages at eight hundred dollars, from which assessment no appeal has been taken. Plaintiff prays an injunction restraining defendants from operating the road till the damages assessed are paid, and for general relief.

The defendant, for answer, alleges that it is a foreign corporation, organized under the laws of the State of Missouri, having its principal place of business in St. Louis, Missouri, and no place of business in Iowa; that it does not own the railroad in petition described; that it did not build said road, and that it has no power to condemn right of way in Iowa. The answer further alleges that defendant is temporarily running trains of its own on the track of said railroad by mere sufferance and parol license of the real owner of said road, the St. Louis and Cedar Rapids Railway, which was organized under the laws of Iowa, and has its principal place of business in Ottumwa.

A temporary injunction was granted by the judge in vacation, restraining the defendant as prayed in the petition until defendant pays the damages assessed for right of way, or gives bond in the penal sum of double the amount of such damages, conditioned to pay said damages if so ordered by the court on final hearing. Afterward the defendant gave a bond in the sum of $1,600, payable on conditions named in the order of the judge. Upon final hearing the court found the equities to be with the plaintiff, and ordered that he be allowed to proceed upon the bond filed by defendant with John W. Ellis as surety to make the amount by the bond secured, unless paid by defendant, and that plaintiff have upon motion such other and further relief, by injunction or other order, as he may be entitled to have in equity.

After this decree was entered, the defendant asked the judge at chambers to make findings in the case as provided in section 2743 of the Code, and the judge, pursuant to this request, submitted the following findings:

"The Court in this case finds, as matters of fact, that at the time of the commencement of the proceedings in this case named as the proceedings of the sheriff's jury, and at the time of the assessment of the damages in such proceedings named, the said defendant was a corporation organized under the law of the State of Missouri, having its principal place of business at St. Louis, in said State of Missouri, but was at such time operating, controlling, using and possessing the said St. Louis & Cedar Rapids Railroad, in the said answer of said defendant named, which said occupation and use of the said St. Louis & Cedar Rapids Railway, and which use and occupation of said road by said defendant was exclusive of any use of or control of the same by the said St. Louis & Cedar Rapids Railroad Company, but without any other contract or lease than as aforesaid. The court further finds that the said St. Louis & Cedar Rapids Railroad had been constructed and was owned at the time of the commencement of said sheriff's proceedings by the St. Louis & Cedar Rapids Railroad Company as aforesaid, and that the same was a corporation formed and organized under the laws of the State of

Iowa, having its principal place of business at Ottumwa, Iowa; and the Court further finds that at the time of the commencement of said sheriff's proceedings the said St. Louis & Cedar Rapids Railroad was upon and running over and across the said land of the said plaintiff, in the said sheriff's proceedings named, and that the said railroad had been so constructed over and across said land by the said St. Louis & Cedar Rapids Railroad, without the consent of and without any agreement with the plaintiff in regard to the same, and that neither the St. Louis & Cedar Rapids Railroad Company nor the said defendant, the said St. Louis, Kansas City & Northern Railway Company, has ever paid said plaintiff anything for the right of way over said land, nor has the said defendant nor the said St. Louis & Cedar Rapids Railroad agreed to pay said plaintiff anything for such a right of way. The court finds that such sheriff's proceedings were had as required by statute as to regularity, and that said defendant was duly and legally served with notice of such proceedings upon their station agent at Bloomfield, Davis county, Iowa, and that said defendant made no appearance thereto, and took no appeal therefrom as allowed by law, nor yet at any time nor in any manner. And the court finds in favor of the plaintiff all the facts necessary in law for the said plaintiff to show in order to enable him to have the prayer of his petition granted, except the fact of the said defendant being, as aforesaid, a corporation organized under the laws of the State of Missouri, and having its principal place of business at St. Louis, Missouri, as aforesaid; and the said construction of said railroad by said St. Louis & Cedar Rapids Railroad Company, and its ownership of the same as aforesaid, and the said St. Louis & Cedar Rapids Railroad only being owned as aforesaid, and not otherwise leased at the time of the commencement of sheriff's proceedings as aforesaid; and the court finds as matter of law that, notwithstanding all of such matters of fact as hereinbefore set out, the said plaintiff is entitled to the judgment and order in this case entered."

The defendant appeals.

*Trimble & Carruthers*, for the appellant.

*Weaver & Payne* and *Amos Stickel*, for the appellee.

DAY, J.— I.   The defendant is a corporation organized under the laws of Missouri.   The authority to take land for

**1. RAILROAD: foreign corporation: right of way.** the right of way for railroads is conferred by express provision of statute, and must be exercised in the manner prescribed.

The statute under which the plaintiff's damages were assessed by sheriff's jury provides: "That any railroad corporation in this State heretofore organized under the laws of this State, or that may be hereafter organized, may take and hold, under the provisions contained in this act, so much real estate as may be necessary for the location, construction and convenient use of their road." Revision, section 1314.

The right is conferred upon corporations organized under the laws of this State, and is, by necessary implication, denied to foreign corporations.   In *The Bank of Augusta v. Earle*, 13 Peters, 519, Mr. Chief Justice TANEY announcing the opinion of the court said: " It is very true that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created.   It exists only in contemplation of law, and by force of the law; and where that law ceases to operate, and is no longer obligatory, the corporation can have no existence.   It must dwell in the place of its creation, and cannot migrate to another sovereignty.   But, though it must live and have its being in that State only, yet it does not by any means follow that its existence there will not be recognized in other places; and its residence in one State creates no insuperable objection to its power of contracting in another.   *   *   *   *   *   Every power, however, of the description of which we are speaking, which a corporation exercises in another State, depends for its validity upon the laws of the sovereignty in which it is exercised; and a corporation can make no valid contract without their sanction, express or implied."   Whilst, therefore, a foreign corporation might, respecting a proper subject, make a

valid contract in this State, it could make no such contract for the acquisition of the right of way for the construction of a railroad, since power to acquire such right of way is conferred only upon corporations organized under the laws of this State. Section 1317 of the Revision provides that if the owner of any real estate over which said railroad corporation may desire to locate their road shall refuse to grant the right of way through his premises, the sheriff of the county shall, upon the application of either party, appoint six disinterested freeholders to assess the damages which the owner will sustain by the appropriation of this land. We think it is clear that a foreign corporation could not institute this proceeding to condemn right of way and assess the damages of the land owner. And, as the right conferred is a reciprocal one, it must follow that the land owner cannot institute such proceeding against a foreign corporation. Such a corporation has no power to acquire or possess right of way in this State, and ought not to be required to pay for that which it cannot legally enjoy. The statute authorizes the proceeding for condemnation and assessment to be instituted only against a railroad that may by such proceeding become entitled to the right of way and the privileges connected with it. We think the plaintiff acquired no legal rights under the condemnation proceedings by him instituted.

II. This brings us to a consideration of the relation of the parties and their respective rights, independently of the 2. —: —: proceedings instituted for the assessment of damages. tion. The St. Louis & Cedar Rapids Railroad Company has constructed a road over plaintiff's premises, and the defendant, by mere sufferance, is in the exclusive occupancy and use of said road. Neither company has paid plaintiff the damages occasioned by the appropriation of the right of way, and both are mere trespassers. *Hibbs v. The Chicago & South Western Ry. Company*, 39 Iowa, 340. This court has held that an injunction will lie to restrain a railroad company from operating its road, after an award of damages under the statute, until the damages are paid. *Henry v. D. & P. R. Co.*, 10 Iowa, 540; *Richards v. D. M.*

*V. R. Co.*, 18 Iowa, 259; *Hibbs v. C. & S. W. R. Co.*, *supra.* And in *Conger v. The B. & S. W. R. Co.*, 41 Iowa, 419, it was held that ejectment would lie under such circumstances. These all were cases where the railroads were organized under the laws of this State, and were entitled to the right of way upon making proper payment therefor, and where either party might institute the proceedings for condemnation and the assessment of damages. In this case, as we have seen, the defendant, although using plaintiff's land, is not entitled to right of way, and no proceedings can properly be instituted for the assessment of damages. Under these circumstances the right to an injunction ought not to depend upon the fact of a prior assessment of damages. The defendant ought not to be permitted to shield itself by the plea that it is a foreign corporation, against which damages cannot be assessed, and at the same time to continue to use plaintiff's land. Whilst the defendant may not be compelled to pay the damages awarded, it may be restrained from using plaintiff's premises until plaintiff is in some way compensated for the right of way appropriated over his land. It is, therefore, ordered that the plaintiff be awarded an injunction restraining the defendant from further occupying or using the premises in question until the defendant voluntarily pays the damages already assessed, or until the company which constructed and owns the railroad in question causes the plaintiff's damages to be assessed and paid.

Thus modified the judgment of the court below is

                                  AFFIRMED.