## Cox *v.* Bird et al.

PRACTICE.—*Motion to Strike Out.*—*Supreme Court.*—Error in overruling a motion to strike out irrelevant or redundant matter in a pleading is not available in the Supreme Court.

SAME.—*Defect of Parties.*—*Demurrer.*—An objection to a complaint, on the ground that it appears on its face that there is a defect of parties plaintiffs or defendants, is not presented by a demurrer for insufficiency, but must be presented by demurrer assigning such defect as cause.

EVIDENCE.—*Will.*—*Action to Set Aside Sheriff's Sale and Vacate Judgment.*—*Heirs.*—In an action by heirs, to have a certain judgment against their ancestor and another, and a sheriff's sale of the ancestor's lands on an execution thereon, set aside, the plaintiffs gave in evidence a will devising the real estate in question to the ancestor "when she shall become of lawful age," and providing that "if, however, she should die before she arrives of lawful age of twenty-one years, then, in that case, the above property * shall descend or fall to" the judgment codefendant.

*Held,* that, without proof that the ancestor attained her majority before her death, the plaintiffs showed no right of action in themselves.

From the Madison Circuit Court.

*C. D. Thompson,* for appellant.

*H. D. Thompson,* for appellees.

HOWK, J.—This was a suit by the appellees, against the appellant, wherein they sought to have a former judgment of the Madison Circuit Court, and the proceedings had thereunder, declared to be illegal, fraudulent and void, and their title quieted to certain real estate, particularly described, in Madison county, Indiana.

In their complaint, the appellees alleged, in substance, that, on the 1st day of February, 1867, one Nancy J. Griffith was the owner of said real estate, and that she never sold nor conveyed the same, during her life; that, on the 1st day of June, 1867, the said Nancy J. Griffith was, and during her life continued to be, a non-resident of the State of Indiana, and a resident of the State of Illinois; that, on the 13th day of October, 1868, the said Nancy J. Griffith was a minor, under the age of twenty-one years, and

was on that day legally joined in marriage with the appellee William L. Bird, and continued to be his wife till the 25th day of September, 1873, when she died intestate, leaving surviving her the appellee William L. Bird, her widower, and the appellee Annie Bird, the only issue of said marriage and her only child, as her only heirs at law, the said Annie being a minor under the age of twenty-one years; that, on the 6th day of August, 1869, the then sheriff of said Madison county sold the south half of said real estate described in said complaint, to one Dudley Doyle, and issued to him a certificate of said sale, which said certificate the said Doyle, by his written endorsement, assigned to the appellant on the 17th day of September, 1869, and on the 11th day of August, 1870, the said sheriff, by his official deed, conveyed the said real estate, so sold by him, to the appellant, who took possession thereof at the date of his said deed, and still held possession, claiming title thereto under and by virtue of his said deed, and by no other right or title; that the execution upon which said pretended sale was made was issued upon a judgment rendered by the court below, in a cause wherein Dudley Doyle and Matilda Armstrong were plaintiffs, and Nancy J. and Abel Griffith were defendants, on the 14th day of August, 1868, which judgment was predicated only upon a pretended assessment of benefits to said real estate, by reason of a ditch contemplated or constructed through said land; that said sheriff's sale was illegal and void; that it was made, and the said real estate sold, without having been appraised according to law; that said Nancy J. Griffith had no notice of the pendency of the suit in which the judgment was rendered, under which said real estate was sold; that no legal assessment of benefits was ever made, creating a lien on said real estate; that the assessment, pretended to have been made on the application of said Doyle and Armstrong, was made without any authority of law;

that there never was any legal lien for an assessment against said real estate; that, at the time of the making of said pretended assessment, the said Nancy J. Griffith was a minor under the age of twenty-one years; that, at the time of the commencement of the suit which culminated in said judgment, the said Nancy J. Griffith was a minor and the wife of said William L. Bird, and a non-resident of the State of Indiana; that, when the sheriff sold said real estate, and made a deed thereof to the appellant, the said Nancy J. was a non-resident of this State, and never had any notice of the assessment of benefits pretended to have been made to said real estate, nor of the meeting of the appraisers to make the same, nor of any of the proceedings which terminated in said sale and conveyance by the sheriff. Wherefore the appellees asked that said sheriff's sale and conveyance be adjudged illegal and void, etc.

The appellant moved the court to strike out a certain part of said complaint, which motion was overruled, and the appellant excepted; and his demurrer to said complaint, for the want of sufficient facts therein to constitute a cause of action, was also overruled, and his exception entered to this decision. He then answered the appellees' complaint, by a general denial thereof.

The issues joined were tried by the court without a jury, and a finding was made for the appellees, as prayed for in their complaint. The appellant's motion for a new trial was overruled, and to this decision he excepted, and judgment was rendered by the court, upon and in accordance with its finding.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1.	In overruling his motion to strike out part of the complaint;

2.	In overruling his demurrer to the complaint; and,

3.	In overruling his motion for a new trial.

We will consider and decide the several questions presented by these alleged errors, in the order of their assignment.

1. The appellant moved the court to strike out a part of the appellees' complaint, upon the ground, as stated in the motion, " that the same is redundant, irrelevant, and does not state any fact tending to constitute a cause of action."

It is well settled, that this court will not reverse a judgment for error assigned in overruling a motion to strike out part of a pleading, even if the decision is palpably erroneous. Redundant or irrelevant matter in a pleading can not benefit the party for whom it is pleaded, nor can it work . any possible injury to the opposite party. For this reason, even if the court may have erred in overruling a motion to strike out such matter, yet the error is not available for any purpose, and, therefore, we do not consider it. *Moore* v. *The State, ex rel.*, 55 Ind. 360; *The City of Crawfordsville* v. *Brundage*, 57 Ind. 262; *Hay* v. *The State, ex rel.*, 58 Ind. 337.

2. In discussing the alleged error of the court in overruling the appellant's demurrer to the complaint, the only point made by his counsel in this court is, that Dudley Doyle and Matilda Armstrong were necessary parties to the action. The point thus made is not presented by the appellant's demurrer to the complaint; for the only ground of objection to the complaint, stated in his demurrer, was the alleged insufficiency of the facts therein to constitute a cause of action. A defect of parties, either plaintiff or defendant, where the point of the objection is that it appears upon the face of the complaint that an additional party should be made, can only be presented by assigning such defects as the cause of demurrer. The objection of appellant's counsel, in argument, to the complaint is, that there are too few parties defendants to the action; and, in such case, the rule is, that " the demurrer must be upon

the ground of a defect of parties, and must specifically point out and name those who should have been, but were not, made parties." Buskirk Practice, p. 168. *Durham* v. *Bischof*, 47 Ind. 211, and cases cited.

The court did not err, we think, in overruling the demurrer to the complaint, upon the ground relied upon in this court.

3. It is earnestly insisted, by the appellant's counsel, that the finding of the court was not sustained by sufficient evidence, and that, for this reason, the court erred in overruling his motion for a new trial. This point, it seems to us, is well taken. The appellees' title to the real estate in controversy is and was entirely dependent upon the title of Nancy J. Griffith, afterward Nancy J. Bird, deceased, whose heirs at law they claim to be and were. If said Nancy J. had no title to said real estate, the appellees had none; and if the appellees did not own the property in question, they could not maintain this action. They offered evidence, which tended to prove that said Nancy J. might have been, but not that she was, the owner of said real estate, as the devisee of her father, William Griffith, deceased. This evidence consisted of the last will and testament of said William Griffith, deceased, and the probate thereof. In the first item of said last will and testament, the said testator gave and devised to his daughter, the said Nancy J., the said real estate, described in appellees' complaint, " when she shall become of lawful age ; " and it was then provided, that " if, however, she should die before she arrives of lawful age of twenty-one years, then, in that case, the above property * * * shall descend or fall to my beloved brother, Abel Griffith." It will be seen from the terms of the devise to said Nancy J., that her title to said real estate was made to depend upon her arrival at the age of twenty-one years, and that, if she died before her arrival

at that age, her heirs at law did not and could not acquire any title to, or interest in, said real estate. It seems to us, from our reading of the evidence, that it fails to show that said Nancy J. had arrived at the age of twenty-one years before her death, and therefore it failed to show that the appellees had, or could have, as the heirs at law of said Nancy J., or otherwise, any interest whatever in the subject-matter of this action.

In our opinion, the court below erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded for a new trial.