Lake Erie and Western Railway Company v. Kinsey.

| 87 | 514 |
|---|---|
| 125 | 339 |
| 87 | 514 |
| 129 | 360 |
| 87 | 514 |
| 131 | 7 |
| 131 | 453 |
| 87 | 514 |
| 161 | 54 |
| 162 | 308 |
| 87 | 514 |
| 163 | 290 |
| 163 | 502 |

No. 9883.

LAKE ERIE AND WESTERN RAILWAY COMPANY v. KINSEY.

PRACTICE.—*Striking Out Pleadings.*—*Evidence.*—The refusal to strike out irrelevant or immaterial matter in pleadings or parts thereof is not available error. Evidence in proof thereof should be excluded on objection.

RAILROAD.—*Appropriation of Land for Right of Way.*—*Compensation.*—*Eminent Domain.*—A railroad can not take private property for right of way, against the owner's wish, without first paying full compensation therefor.

SAME.—*Payment to Clerk.*—*Title.*—*Ejectment.*—*License.*—*Statute Construed.*—*Appeal.*—*Supreme Court.*—*Judgment.*—A railroad company proceeded to condemn a right of way, under the statute (R. S. 1881, sec. 3907), and, having paid to the clerk the damages assessed, took possession. The owner appealed to the circuit court, where, on trial, the damages were greatly increased, and judgment rendered therefor. After six months, the judgment being unpaid, he brought ejectment.

*Held,* that he had a right to recover possession.

*Held,* also, that the payment made to the clerk did not vest title, but operated only to give a license to take possession, subject to the result of future litigation, determinable upon failure to pay the compensation found just on final trial.

*Held,* also, that prayer of appeal to the Supreme Court and an intention to prosecute it did not disturb or suspend the final judgment for compensation.

From the Jay Circuit Court.

*J. P. C. Shanks, W. E. Heckedorn, J. W. Headington* and *J. J. M. LaFollette,* for appellant.

*T. Bosworth, D. T. Taylor, J. M. Smith* and *O. H. Adair,* for appellee.

FRANKLIN, C.—Appellee sued appellant in ejectment for the possession of a strip of ground occupied for the use of its railway. Appellant had taken the statutory steps to condemn the right of way over appellee's land. Appraisers had been appointed who assessed the damages at $50, and filed their report in the clerk's office. Appellant immediately paid in to the clerk the $50, took possession of the right of way, and proceeded to construct its road. Appellee, within ten days after the filing of the report, filed with the clerk his exceptions

thereto, and appealed the case to the circuit court, where a trial was had before a jury, and appellee's damages were assessed at $790, and, over a motion for a new trial, judgment was rendered thereon, which stood for some six months unpaid, unsatisfied, and unappealed from, when appellee commenced this suit for possession.

The complaint is in two paragraphs. The first is in the usual form in ejectment. The second is the same, with the addition of the proceedings to condemn and appropriate. Appellant answered: 1st. A denial. 2d. The proceedings to condemn up to and including the filing of the report of the appraisers and the payment to the clerk of the fifty dollars. 3d. The whole of the proceedings to condemn and appropriate, with an allegation added that it had prayed an appeal to the Supreme Court from the judgment of $790, and intended to take the case there so soon as it got the proper transcript completed. Before answering appellant moved to strike out all and parts of the second paragraph of the complaint, and also filed a demurrer to said paragraph; all of which were successively overruled. Appellee then filed a demurrer to the second and third paragraphs of appellant's answer, which was sustained. To all of which rulings appellant excepted, and the cause was tried upon the issue made by the denial.

The errors assigned in this court are:

1st. Overruling motion to strike out.

2d. Overruling demurrer to second paragraph of complaint.

.3d. Sustaining demurrer to second and third paragraphs of answer.

4th. Overruling motion for a new trial.

All contemplated harm from irrelevant and immaterial pleadings remaining in may be prevented by objections to the introduction of testimony thereunder. The overruling of a motion to strike out parts or all of a pleading presents no available error. *Gill* v. *State, ex rel.*, 72 Ind. 266; *Cox* v. *Bird*, 65 Ind. 277; *Hay* v. *State, ex rel.*, 58 Ind. 337; *City*

of *Crawfordsville* v. *Brundage*, 57 Ind. 262; *Moore* v. *State, ex rel.*, 55 Ind. 360.

Each of the other three specifications of error presents the same question, and that is as to whether an action of eject-ment can be maintained upon the facts alleged. Or, to make it more specific, can a corporation acquire title to real estate against the will or consent of the owner, without first paying or tendering full compensation?

The twenty-first section of the first article of the constitu-tion of this State reads: "No man's particular services shall be demanded without just compensation. No man's property shall be taken by law without just compensation, nor, except in case of the State, without such compensation first assessed and tendered."

Under this provision of our constitution, the Legislature had the right to prescribe the manner in which such just compensation should be ascertained.

The fifteenth section of the act to provide for the incorpo-ration of railroad companies (1 R. S. 1876, p. 704) provides, among other things, in cases where the parties can not agree, for the filing of an act of appropriation with the clerk of the circuit court, and upon the application of either party, for the judge appointing by warrant three disinterested freeholders to appraise the damages, that they shall proceed and forthwith return their assessment of damages to the clerk of said court, who shall record the same, "and thereupon, such corporation shall pay to said clerk the amount thus assessed, or tender the same to the party in whose favor the damages are awarded or assessed; and on making payment or tender thereof, in the manner herein required, it shall be lawful for such corporation to hold the interest in such lands or materials so appropriated, and the privilege of using any materials on said roadway within fifty feet on each side of the center of such roadway, for the uses aforesaid. * * * The award of said arbitrators may be reviewed by the circuit court or other court in which such proceedings may be had, on written exceptions filed by

Lake Erie and Western Railway Company v. Kinsey.

either party in the clerk's office, within ten days after the filing of such award, and the court shall take such order therein as right and justice may require, by ordering a new appraisement, on good cause shown : *Provided*, That notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed."

Appellant insists that, under this statute, when it paid into the clerk's office the $50 awarded by the appraisers, the title to the land immediately passed to the appellant; and the fact that the appellee was awarded a much greater amount on the appeal makes no difference; that the title had already vested in appellant, and appellee must look to his judgment for compensation.

Such a construction of the statute would be in conflict with the constitution, and would make it unconstitutional and void in this respect. But we think the statute plainly admits of a construction that makes it in harmony with the constitutional provision that just compensation shall be first made or tendered.

The payment of the amount awarded by the appraisers gives the corporation a right to the immediate possession and a *prima facie* claim to the land subject to an appeal in ten days after the award is filed. If no appeal is taken, at the end of the ten days the title vests and relates back to date of payment. If an appeal is taken no title vests, and the corporation has no greater right than that of a license under the statute to hold possession and proceed with the construction of its road pending litigation. When the compensation has been finally fixed on appeal, then the corporation must pay or tender the compensation so fixed, and on failure to do so it acquires no title to the land, and its license to hold possession and prosecute its work ceases. Just compensation must be first made or tendered. The verdict of the jury and the

judgment of the court determine what that just compensation is.

The prayer for an appeal, and the intention to take an appeal, do not continue the litigation or in any way interfere with the finality of the judgment as to the just compensation; and if the judgment on appeal is for more than the award of the appraisers, the difference must be paid or tendered before the land can be finally taken. Mills Eminent Domain, section 137; *Peterson* v. *Ferreby*, 30 Iowa, 327; *Richards* v. *DesMoines Valley R. R. Co.*, 18 Iowa, 259; *Blackshire* v. *Atchison R. R. Co.*, 13 Kan. 514.

The amount found due on appeal must be paid or tendered before the title passes. *Levering* v. *Philadelphia, etc., R. R. Co.*, 8 Watts & S. 459; Mills Eminent Domain, section 139. A tender, before the time for appeal expires, of the amount found due by the appraisers, does not pass the title, as it can not be known what is the just amount until either the time for appeal has expired or it has been determined on appeal. *Blackshire* v. *Atchison R. R. Co.*, *supra*. In such cases, when a trial is had in the circuit court on appeal, either party is entitled to a trial by jury, and the question of just compensation is tried *de novo*. *Louisville, etc., R. W. Co.* v. *Dryden*, 39 Ind. 393. "As the company can not take the land until the compensation has been paid or tendered, it is necessarily implied that the company must have the assessment made, for otherwise it can not be known what amount is to be paid or tendered. Hence, it is held, that if a railroad corporation enters into possession of land of an individual for the use of the road, without his consent, and without first having had the damages assessed and tendered, he may maintain an action to recover the possession of the land. *Graham* v. *Columbus, etc., R. W. Co.*, 27 Ind. 260; *Graham* v. *Connersville, etc., R. W. Co.*, 36 Ind. 463." *Cox* v. *Louisville, etc., R. R. Co.*, 48 Ind. 178, p. 194.

In *Graham* v. *Columbus, etc., R. W. Co.*, the following language is used: "The Constitution can not be satisfied with

such action of the courts as will allow his property, against his will, to be first taken, and himself turned over to such vexatious litigation to obtain compensation, as he may meet afterwards."

In the case of *Walther* v. *Warner*, 25 Mo. 277, it was held: "That all the cases in all the books seem to assume that an individual can not be *absolutely deprived* of his property without the *actual payment* of the assessed price, even though a proper provision for its payment be made in the act authorizing the taking of it; and perhaps it would be better to hold that, even in cases where proper provision is made for the payment of the price, so that the property is allowed to pass, it passes subject to the condition that the price shall be subsequently paid, so that if for any cause it be not paid the party may repossess himself of it on account of the condition broken."

In the case of *Harness* v. *Chesapeake, etc., Co.*, 1 Md. Ch. 248, it was held that the act of the Legislature only conferred a "temporary privilege" on the company to proceed with its work, a privilege which *ceased* when the damages assessed were not paid. And it was also said: "If the owner has the right to insist upon the payment of the money before his property is wrested from him (and such right can not be disputed), what is to prevent him from invoking the aid of the court for his protection, if the judgment for the money remains unpaid."

In the case of *Evans* v. *Missouri, etc., R. W. Co.*, 64 Mo. 453, it was held that, "The plaintiff not being guilty of *laches*, not having waived or postponed his claim, *his* right to pay for his property as a *constitutional condition precedent*, still exists in all vigor. And for the enforcement of this right equity will fully supply a remedy, and such a remedy as will fully meet the exigencies of the case." In the foregoing case the damages had been assessed by appraisers, and paid to the clerk by the company; but upon appeal to the circuit court a larger amount was awarded, which remained unpaid, and

makes the case similar to the one under consideration. And in that case it was also held that there was no vested right in the corporation, nor doctrine of public policy or convenience, that could aid in unconstitutionally taking a man's property without first making just compensation, and an injunction was granted against operating the road until payment was made.

In the case of *St. Joseph, etc., R. R. Co.* v. *Callender*, 13 Kan. 496, where the damages were assessed by commissioners, and the amount deposited with the treasurer, all these proceedings were regular and in conformity with the statute. Callender appealed to the court, where a much larger sum was awarded to him. The company took possession under the preliminary assessment, and proceeded to construct its road, and was still using it. The final judgment was not paid, nor in any way satisfied. In seven months after the rendition of the final judgment, Callender commenced his action in ejectment, and the court held that "By his appeal, however, he gives notice to the company, that the amount awarded is not full compensation, and that more must be paid before any right of way is appropriated. If, after this notice, and without his consent, the company sends its workmen onto his land, and builds its road, what room is there for the application of the doctrine of estoppel? There is no misrepresentation, no concealment on the part of the land-owner. The company acts with full knowledge of his rights and claims, and its own obligations. It was a trespasser *ab initio*, and it ought rather to atone for the trespass than to attempt to make that trespass a means of wresting the land-owner's property from him without compensation." The action of ejectment was sustained. That case and the case of *Dater* v. *Troy, etc., R. R. Co.*, 2 Hill, 629, in which the action of ejectment was held to be a proper remedy, are very similar to the one under consideration. The payment into the clerk's office, in this case, by the appellant of the amount of damages assessed by the appraisers, did not change the rights of the parties. *Indianapolis, etc., R. R. Co.* v. *Brower*,

12 Ind. 374; *Cox* v. *Louisville, etc., R. R. Co.*, 48 Ind. 178. The assessment of the appraisers in a proceeding to appropriate land for railroad purposes is only an initiatory step in the proceedings, which may or may not be final, at the option of the parties. *Norristown, etc., T. P. Co.* v. *Burket*, 26 Ind. 53.

The claim of appellant that appellee, after having permitted the road to be constructed pending litigation over the compensation, can not recover possession without paying for the road and its improvements upon the premises, is unfounded. After the payment of the preliminary assessment by the appraisers, appellee could not prevent the construction of the road. Until the question of just compensation was finally settled he could not interfere with the construction of the road or the making of the improvements. He did all he could by taking his appeal. *Conger* v. *Burlington, etc., R. W. Co.*, 41 Iowa, 419; *Hibbs* v. *Chicago, etc., R. W. Co.*, 39 Iowa, 340; Mills Eminent Domain, sec. 143.

The record in no way shows appellee's consent to the construction of the road; he opposed it in all legal ways from the beginning. No effort was made to stay proceedings in this case until the validity of the judgment for damages could be tested in the higher court. We think the action of ejectment is maintainable in this case; and in support of that conclusion cite the following additional authorities: *Loop* v. *Chamberlain*, 20 Wis. 135; *Henry* v. *Dubuque, etc., R. R. Co.*, 10 Iowa, 540; *McClinton* v. *Pittsburg, etc., R. W. Co.*, 66 Pa. St. 404; *Enfield, etc., Co.* v. *Hartford, etc., R. R. Co.*, 17 Conn. 40; *Williams* v. *Natural Bridge P. R. Co.*, 21 Mo. 580; Cooley Torts, p. 316; *Provolt* v. *Chicago, etc., R. R. Co.*, 57 Mo. 256; *Powers* v. *Armstrong*, 19 Ga. 427; *Thompson* v. *Grand Gulf etc., Co.*, 3 How. (Miss.) 240; *Irish* v. *Burlington, etc., R. W. Co.*, 44 Iowa, 380; *Bloodgood* v. *Mohawk, etc., R. R. Co.*, 14 Wend. 51; *Nichols* v. *Somerset, etc., R. R. Co.*, 43 Maine, 356; *Gear* v. *Dubuque, etc., R. R. Co.*, 20 Iowa, 523; *Fox* v. *Western Pacific R. R. Co.*, 31 Cal. 538; *Blodgett* v. *Utica, etc., R. R. Co.*, 64 Barb. 580.

Appellant, in its brief, has presented and discussed no other question than the one herein considered; all others are thereby waived.    There was no error in overruling the demurrer to the second paragraph of the complaint; nor in sustaining the demurrer to the second and third paragraphs of the answer; nor in overruling the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.