We reach the conclusion that there was no error in the decree, and it is *affirmed*.

---

JOSEPH A. CLARK v. WABASH RAILROAD Co., Appellant.

**Appeal:** AFFIRMANCE. Where, on appeal, the Supreme Court is equally divided the decision of the lower court is affirmed by operation of law.

**Trespass by railway company:** RIGHTS OF ACTION. A former owner of land has a right of action for a trespass committed while he owned the land; and where the trespass consists in the occupancy for railway purposes, which is continued until the title has passed to another, such grantee may sue for possession, enjoin the use or institute condemnation proceedings.

**Eminent domain:** RECOVERY OF INTEREST. One purchasing land at the time occupied by a railway company without legal right can only recover interest, in a suit for the value thereof, from the time he acquired the title.

**Railroads:** RIGHT OF WAY: ACQUISITION. A right of way is an easement which can only be acquired by purchase from the owner, prescription or condemnation; and where a railway company was occupying land as a trespasser at the time of its conveyance, an exception in the deed of all rights of way located over the land, created no right in the railway company to the land then in process of condemnation.

**Eminent domain:** ASSIGNMENT OF DAMAGES. Where a vendor had not elected to treat a railway company as desiring a right of way over the land at the time of his conveyance, he cannot assign any damages arising from its subsequent appropriation.

**Attorney's fees.** Attorney's fees are taxable in an action to recover the value of a right of way.

*Appeal from Monroe District Court.*— HON. C. W. VER-
MILLION, Judge.

WEDNESDAY, OCTOBER 24, 1906.

*T. B. Perry,* for Appellant.

*Ben McCoy, Ralph Mason* and *Fred Townsend* for
appellee.

LADD, J.— I.  T. L. Tulis acquired title to the land in
controversy September 13, 1899, and on October 29, 1900,
conveyed it to Joseph A. Clark.  On October 1, 1899, the
defendant took possession of a strip through it, formerly
occupied as a right of way by another company, but not
used since 1888, and constructed its road thereon.  The
facts of the case bring it within the ruling of *Remey v. Rail-
way Co.,* 116 Iowa, 133; approved in *Russell v. Railway
Co.* (Iowa), 99 N. W. 1131; *Gray v. Iowa Central Ry. Co.,*
129 Iowa 68.  As Mr. Justice Bishop entertains the views
expressed by the dissenting judges in Remey v. Railway,
*supra,* the members of this court are equally
divided.  In this situation the opinion of the
trial judge must prevail, and the ruling of the district court
herein be affirmed by operation of law.

1. APPEAL: affirm-
ance.

II.  Conceding the ruling referred to above to have
been correct, the defendant was a tresspasser and continued
to be such until long after Clark acquired title to the land.
Tullis began an action for damages occa-
sioned by the trespass of the defendant, not
for the value of the easement taken, in De-
cember, 1899, and this was prosecuted by him until after the
proceedings in this case were begun.  A demurrer to the pe-
tition therein was then sustained and the action discontin-
ued.  The ground of this ruling does not appear, but there
would seem to be little doubt that the former owner had a
right of action for any damages occasioned by the tresspass

2. TRESPASS BY
RAILWAY
COMPANY:
rights of
action.

while he owned the land. *Henry v. Dubuque, etc, Ry. Co.,* 10 Iowa, 540. See cases collected in 15 Cyc. 993. But the trespass was continued after Clark received the title, and he might elect to sue for possession or to enjoin the continuance of the use of the land by defendant or institute condemnation proceedings. See *Conger v. Railway Co.,* 41 Iowa, 419; *Daniels v. Railway Co.,* 35 Iowa, 129; *Birge v. Railway Co.,* 65 Iowa, 440; *Donald v. Railway Co.,* 52 Iowa, 411. As held in the last case, the defendant, though liable to the present owner for its trespass since he acquired title, was not liable to him for any injuries sustained by his grantor. The owner may at any time waive the tresspass, refrain from ejecting the trespasser, and treat the corporation as though it desired to enter into and lawfully occupy the land and acquire it, under the provisions of the law, to make just compensation. *Hibbs v. Railway Co.,* 39 Iowa, 340. This is precisely what plaintiff did; but, as the land cannot be said to have been taken from him prior to the time he became owner, the damages should be estimated as of that date, to-wit, October 29,1900.

No objection was interposed to the evidence of market value before and immediately after the construction of the road, and for this reason defendant is not in a situation to complain of the estimation of damages as of that time. But it did except to the instruction allowing interest on the damages from that

**3. EMINENT DO-MAIN: recovery of interest.**

date. This may be corrected by a modification of the judgement.

III. The conveyance from Tullis to Clark was "subject to all railroad rights of way of all railroads now located over said land." It is insisted that this exception included the right of way in controversy. But defendant had not acquired a right of way. It was a mere tresspasser and had no right to remain on the land. The right of way is an easement, and can only be acquired by grant, either from the owner or from the State,

**4. RAILROADS: right of way: acquisition.**

through the exercise of the right of eminent domain, or by prescription. *Clayton v. Railway,* 67 Iowa, 238; *Barlow v. Railway Co.,* 29 Iowa, 276; *Vermilya v. Railway Co.,* 66 Iowa, 606. As defendant had no right of way and was a trespasser, the conveyance was not subject to that being condemned in this proceeding.

IV. Tullis had not elected to treat the defendant as desiring a right of way through his premises. For this reason, he could not well assign any damages arising from its

5. EMINENT DOMAIN: assignment of damages.

appropriation to Clark, and such evidence was inadmissible, though without prejudice.

The allowance of attorney's fees in such proceedings was approved in *Gano v. Railway Co.,* 114 Iowa, 713.

6. ATTORNEY'S FEES.

Counsel for plaintiff did not abuse his privileges in the argument to the jury.

The judgment will be affirmed on condition that interest on the damages assessed prior to October 29, 1900, be remitted within thirty days from the filing of this opinion, otherwise *reversed.*